No. 02-60 T
(Judge Lawrence J. Block)

---

***IN THE UNITED STATES COURT OF FEDERAL CLAIMS***

RONALD C. PRATI and MARY G. PRATI,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

MOTION OF THE UNITED STATES FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT AND BRIEF IN SUPPORT THEREOF

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
STEVEN I. FRAHM
BART D. JEFFRESS
Attorneys
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496

**Page**

## TABLE OF CONTENTS

Motion of the United States for Partial Dismissal of Plaintiffs' Complaint . . . . . . . . . . . . . . . 1-3
Brief for the United States in Support of its Motion for Partial Dismissal of Plaintiffs' Complaint:
Introduction and Statement of Questions Involved . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
I. RCFC 12(b)(1) Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
II. The Court lacks subject matter jurisdiction over Plaintiffs' claim that they are not liable for tax motivated interest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
A. Statutory/Regulatory Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
B. Section 7422(h) deprives the Court of subject matter jurisdiction to redetermine whether partnership transactions were shams. . . . . . . . . . . . . 15
1. The determination that AVF's, CDV's, and ES-85's partnership transactions were shams was a determination of a "partnership item." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
2. The IRS' FPAA sham determinations constituted a valid basis for the assessment of tax motivated interest against the Pratis and may be challenged only in a partnership proceeding, not the present partner level proceeding. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
3. The Tax Court sham determinations constituted a valid basis for the assessment of tax motivated interest against the Pratis and, under the doctrine of *res judicata*, are binding on plaintiffs . . . . 20
4. Since the Court lacks jurisdiction to determine partnership items and overturn the FPAA and Tax Court sham partnership item determinations, and plaintiffs' claim that they are not liable for tax motivated interest would require the Court to do so, plaintiffs' claim must be dismissed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

APPENDIX A (attached):
Title 26, U.S.C.:[1]
§ 6221 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
§ 6222(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
§ 6223(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
§ 6226(a), (b), (c), (d), (f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
§ 6229(a), (d), (f)(1), (f)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

---

[1] Unless otherwise noted, statutory provisions set forth in Appendix A appear as in effect with respect to the facts of the present case and not necessarily as currently codified.

**Page**

§ 6231(a)(3), (b)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
§ 7422(a), (h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Treas. Regs., 26 C.F.R.:
§ 301.6229(f)-1T . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
§ 301.6231(a)(3)-1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

APPENDIX B (attached under separate cover):

| Exhibit | Description |
|---|---|
| 1 | Motion for Entry of Decision in *Agri-Venture Fund* |

**Page**

## TABLE OF AUTHORITIES

**Cases:**

*AD Global Fund, LLC v. United States*, 67 Fed. Cl. 657 (2005) (appeal pending) . . . . . 10

*Affiliated Equip. Leasing II v. Commissioner,* 97 T.C. 575 (1991) . . . . . . . . . . . . . . . . . 17

*Andantech, L.L.C. v. Commissioner,* 331 F.3d 972 (D.C. Cir. 2003) . . . . . . . . . . . . . . . 10

*Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . 8

*Chakales v. Commissioner*, 79 F.3d 726 (8th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . 27, 28

*Chamberlain v. Commissioner*, 66 F.3d 729 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . 28

*Chimblo v. Commissioner*, 177 F.3d 119 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . 9, 12

*Commissioner v. Sunnen*, 333 U.S. 591 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Conway v. United States*, 326 F.3d 1268 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . 14

*Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . 28

*Durrett v. Commissioner*, 71 F.3d 515 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Erickson v. United States*, 159 Ct. Cl. 202, 309 F.2d 760 (1962) . . . . . . . . . . . . . . . . . . 23

*Esposito v. United States*, - - Fed. Cl. - -, 2006 WL 800757 (Mar. 27, 2006) . . . . . . . . . 14

*Field v. U.S.*, 328 F.3d 58 (2nd Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Fior D'Italia, Inc.*, 536 U.S. 238 (2002) . . . . . . . . . . . . . . . . . . . . . . . . 14

*Foster v. Hallco Mfg. Co., Inc.* , 947 F.2d 469 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . 21

*Genesis Oil & Gas, Ltd. v. Commissioner*, 93 T.C. 562 (1989) . . . . . . . . . . . . . . . . . 11, 14

*Heasley v. Commissioner*, 902 F.2d 380 (5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . 26, 28

*Kaplan v. United States*, 133 F.3d 469 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Page**

**Cases (Continuation):**

*Lukens v. Commissioner*, 945 F.2d 92 (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Lyons v. United States*, 445 Fed. Cl. 399 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*McCrary v. Commissioner*, 92 T.C. 827 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Mosca v. United States*, 224 Ct. Cl. 678 F.2d 288 (1980) . . . . . . . . . . . . . . . . . . . . . . . 21

*Olson v. United States*, 172 F.3d 1311 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . 29

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Patin v. Commissioner*, 88 T.C. 1086, 1129 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Prochorenko v. United States*, 243 F.3d 1359 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . 15, 19

*Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . 8

*River City Ranches #1 LTD. v. Commissioner*, 401 F.3d 1136 (9th Cir. 2005) . . . . . 16, 17

*Roberts v. Commissioner*, 94 T.C. 853 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Rocovich v. United States*, 933 F.2d 991 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . 8

*Rogers v. Commissioner*, 60 T.C.M. (CCH) 1386 (1990) . . . . . . . . . . . . . . . . . . . . . . . . 26

*Schachter v. Commissioner*, 67 T.C.M. (CCH) 3092 (1994) . . . . . . . . . . . . . . . . . . . . . 26

*Thomas v. United States*, 166 F.3d 825 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . 27, 28

*Thompson v. United States*, 223 F.3d 1206 (10th Cir. 2000) 27, 28

*Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*United States v. International Bldg.*, Co., 345 U.S. 502 (1953) . . . . . . . . . . . . . . . . . . . 23

*Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . 12, 25, 26

*Weiner v. United States*, 255 F. Supp. 2d 624 (S.D.Tex. 2002) . . . . . . . . . . . . . . . . 28, 29

Page

**Statutes:**

Title 26, U.S.C.:[2]
§ 183 . . . . 17
§ 701 . . . . 16
§ 702 . . . . 16
§ 6221 . . . . 9, 16
§ 6222 . . . . 9, 16
§ 6223 . . . . 16
§ 6225 . . . . 14, 18
§ 6226 . . . . 5, 6, 10, 11, 13, 14, 18-23, 25
§ 6227 . . . . 15
§ 6228 . . . . 11, 15
§ 6229 . . . . 10-12, 18
§ 6230 . . . . 3, 8, 11, 12, 15, 16, 19, 27, 29
§ 6231 . . . . 6, 10-13, 15, 16, 18, 19, 25, 29
§ 6501 . . . . 10
§ 6621 . . . . 3, 7, 15, 17-19, 22, 23, 27-29
§ 7422 . . . . 3, 8, 11, 13, 15, 16, 19, 27, 29
§ 7483 . . . . 21
Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106 . . . . 19
Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, 96 Stat. 324 . 1, 9
Tax Reform Act of 1984, Pub. L. No. 98-369, 98 Stat. 494 . . . . 19
Tax Reform Act of 1986, Pub. L. No. 99-514, 100 Stat. 2085 . . . . 19

**Miscellaneous:**

64 Fed. Reg. 3837 . . . . 13
H.R. Conf. Rep. No. 98-861 (1984), reprinted in 1984-3 C.B. Vol. II . . . . 19
H.R. Conf. Rep. No. 99-841 (1986), reprinted in 1986-3 C.B. Vol. IV . . . . 19

Temp. Treas. Reg. (26. C.F.R.):
§ 301.6231(a)(3) (1986) . . . . 16, 17
§ 301.6231(a)(6) (2001) . . . . 29
§ 301.6231(a)(6)-1T (1987) . . . . 29
§ 301.6229(f)-1T (1999) . . . . 13
§ 301.6621-2T (1984) . . . . 19, 28

[2] All statutory references to Title 26 of the United States Code are to the Internal Revenue Code of 1986, as in effect for the taxable year at issue or as in effect otherwise with respect to the facts of the present cases. References in the following motion and accompanying brief to the Code are noted as “section #” or “§ #”.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-60 T

Judge Lawrence J. Block

RONALD C. PRATI and MARY G. PRATI,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

MOTION OF THE UNITED STATES FOR PARTIAL DISMISSAL
OF PLAINTIFFS' COMPLAINT

The United States moves pursuant to RCFC 12(b)(1) for partial dismissal of Count One of plaintiffs' Complaint [Doc. #1]. As explained in the accompanying brief, the Court lacks subject matter jurisdiction over the allegations in that count regarding the propriety of the assessment of tax motivated interest under former § 6621(c).[*]

Plaintiffs earlier filed a Motion for Partial Summary Judgment [Doc. #45] with respect to their liability under § 6621(c) for tax motivated interest. That motion is pending. When defendant opposed plaintiffs' motion [Doc. #47], it did not address the matters presented in the

[*] Count One of plaintiff's Complaint contains allegations on four issues: 1) untimely assessment of tax attributable to partnership items; 2) propriety of assessment of tax motivated interest under former § 6621(c) (*i.e.*, the issue that is the subject of this motion); 3) failure to abate assessment of interest (including tax motivated interest under former § 6621(c)) pursuant to § 6404(e)(1); and 4) interest netting and computation. Defendant also has filed a motion to dismiss the first and third issues and that motion is pending. See Motion [Doc. #37].

instant motion for dismissal. Nevertheless, since these new matters implicate the Court's subject matter jurisdiction, it is appropriate that the Court consider them, even at this late date. See e.g. RCFC 12(h)(3).

With one exception, the new matters are presented in addition to, and/or in the alternative to any arguments the United States has previously raised. The exception is that the United States hereby withdraws the jurisdictional argument set forth in Opposition [Doc. #47] at pp. 20-23, which is inconsistent with discussion in the present motion. The earlier argument was the subject of internal debate within the Tax Division, and the arguments in the present motion with respect to § 7422(h) (or § 6230(c)(4)) represent the resolution of that debate.

This motion is accompanied by a brief setting forth in detail the grounds for this motion and supporting argument. The legal arguments under § 7422(h) (or § 6230(c)(4)) advanced in support of the present motion are substantially similar to those raised by the United States in a motion to dismiss and accompanying brief filed on December 12, 2005 in *Robert J. Isler and Susan L. Isler v. United States*, Fed. Cl. No. 01-344 T, and in a motion to dismiss and accompanying brief filed on February 3, 2006 in *Jeffrey T. Scuteri v. United States*, Fed. Cl. No. 01-358 T.

Respectfully submitted,

s/Bart D. Jeffress

BART D. JEFFRESS
*Attorney of Record*
*U.S. Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/Steven I. Frahm
Of Counsel

June 2, 2006