# 03-20174, 03-20271

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

MORRIS A. WEINER,
Plaintiff-Appellant-Cross-Appellee
v.
UNITED STATES OF AMERICA,
Defendant-Appellee-Cross-Appellant

Consolidated with
03-20176

MARION S. KRAEMER; JOYCE W. KRAEMER,
Plaintiffs-Appellants
v.
UNITED STATES OF AMERICA,
Defendant-Appellee

ON APPEALS FROM THE JUDGMENTS
OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

BRIEF FOR THE APPELLEE-CROSS-APPELLANT

EILEEN J. O'CONNOR
Assistant Attorney General

RICHARD FARBER (202) 514-2959
JOAN I. OPPENHEIMER (202) 514-2954
Attorneys
Tax Division
Department of Justice
Post Office Box 502
Washington, D.C. 20044

Of Counsel:

MICHAEL T. SHELBY
United States Attorney

EXHIBIT
tabbies
1

§ 6621(c) applies automatically to the extent an underpayment is attributable to a tax motivated transaction. There is nothing in the language of the statute that would allow a taxpayer to avoid liability for the increased interest provided therein by conceding or settling his tax liability.

V

THE DISTRICT COURT HAD JURISDICTION TO DETERMINE WHETHER THE PARTNERSHIP TRANSACTIONS HAD ECONOMIC SUBSTANCE AND, THEREFORE, CORRECTLY DENIED TAXPAYERS' MOTIONS TO PREVENT THE GOVERNMENT FROM OBTAINING THROUGH DISCOVERY AND FROM INTRODUCING AT TRIAL EVIDENCE THAT THE PARTNERSHIP TRANSACTIONS LACKED ECONOMIC SUBSTANCE

Standard of Review

The question whether the court had jurisdiction to consider whether the partnership transactions had economic substance is a question of law reviewable de novo. Taylor, 127 F.3d at 475.

---

Taxpayers invoked the district court's jurisdiction to determine their liability for § 6621(c) interest, which liability depends on whether their underpayments were attributable to "sham or fraudulent transaction[s]." I.R.C. § 6621(c)(3)(A)(v). They nevertheless contend (Br. 113-14) that the court lacked jurisdiction to determine whether the partnership transactions were shams. They reason that the economic substance of partnership transactions is a partnership item and that the District Court lacks jurisdiction to determine partnership items.

They therefore contend that the court improperly denied Weiner's motion to prevent the Government from obtaining through discovery various TFA documents and the Kraemers' motion in limine objecting to the Government's introduction of evidence regarding the economic substance of the partnership transactions.

Taxpayers are wrong. By identifying the "item" under consideration as the sham nature of the partnership transactions, rather than as § 6621(c) interest, taxpayers attempt to deflect the court's attention from this interest, which is the "item" at issue. Section 6621(c) interest is an "affected item," not a "partnership item." See discussion supra, p. 72. Unlike the prohibition of refund suits attributable to partnership items,57/ there is no prohibition on refund suits attributable to affected items. See Carroll v. United States, 198 F. Supp. 2d 328, 355-56 (E.D.N.Y. 2001), vacated on other grounds, 339 F.3d 61 (2d Cir. 2003). Indeed, if there were, taxpayers could not have brought these suits.

Since the District Court had jurisdiction to determine whether taxpayers overpaid § 6621(c) interest, it had the jurisdiction to make findings incident to this determination, including findings that a partnership engaged in sham or fraudulent transactions. See I.R.C. § 6621(c)(3)(A)(v) (defining, as a "tax motivated transaction," "any sham or fraudulent transaction"). Cf. I.R.C. § 6214(b) (in redetermining

57/ See I.R.C. § 7422(h), discussed supra at pp. 22-23.

an income tax deficiency for any taxable year, the Tax Court has jurisdiction to "consider such facts with relation to the taxes for other years . . . as may be necessary correctly to redetermine the amount of such deficiency"); Zack v. Commissioner, 291 F.3d 407, 415-16 (6th Cir. 2002) (in case involving the 1985 and 1986 tax years, Tax Court had jurisdiction to determine existence of net operating loss carryback from 1988 to 1985 and 1986, even though it lacked jurisdiction to redetermine taxpayer's tax liability for 1988).

VI

IN LIGHT OF THIS COURT'S DECISION IN BEALL THE GOVERNMENT CONCEDES THAT THE DISTRICT COURT HAD JURISDICTION TO REVIEW THE COMMISSIONER'S REFUSAL TO ABATE INTEREST IN THESE CASES

Section 6404(e) permits the Commissioner to abate any interest assessment caused by an IRS employee's error or delay in performing a ministerial act. In Weiner and Kraemer the Government maintained and the District Court held that only the Tax Court had jurisdiction to review the Commissioner's denial of interest abatement claims. (RE 52-55, 135-41.) That holding was based on I.R.C. § 6404(h), which provides:

> The Tax Court shall have jurisdiction over any action brought by a taxpayer . . . to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion. . . .[58/]

---

58/ Section 6404(h) was initially designated § 6404(g). It was redesignated § 6404(i) by the Internal Revenue Service
(continued...)

CONCLUSION

For the foregoing reasons, the judgment in Kraemer is correct and should be affirmed. The judgment in Weiner is correct to the extent the court held that he was not entitled to any refund of taxes. The judgment in Weiner is erroneous, however, and should be reversed to the extent the court held that he was not liable for the § 6621(c) interest imposed by the Commissioner.

Respectfully submitted,

EILEEN J. O'CONNOR
Assistant Attorney General

Joan I. Oppenheimer

RICHARD FARBER (202) 514-2959
JOAN I. OPPENHEIMER (202) 514-2954
Attorneys
Tax Division
Department of Justice
Post Office Box 502
Washington, D.C. 20044

Of Counsel:

MICHAEL T. SHELBY
United States Attorney

NOVEMBER 2003