IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-60 T

(Judge Lawrence J. Block)

RONALD C. PRATI and MARY G. PRATI,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ADDITIONAL/ALTERNATIVE GROUND IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS PLAINTIFFS' TAX MOTIVATED INTEREST CLAIMS

The United States respectfully submits this additional, alternative ground to dismiss for lack of jurisdiction plaintiffs' claims for tax motivated interest and those of plaintiffs in the companion cases *Isler*, Fed. Cl. No. 01-344 T and *Scuteri*, Fed. Cl. No. 01-358. For purposes of clarity in the record, a brief essentially identical to this one will be filed in those cases.

Defendant filed its motion to dismiss in this case in June 2006, in *Scuteri* in February 2006, and in *Isler* in December 2005. During that period and since, and in the course of briefing various TEFRA issues in the three cases and the companion AMCOR cases before Judge Allegra, defendant's understanding of plaintiffs' tax motivated interest claims has deepened considerably. Specifically, in addition to the jurisdictional flaws briefed in those cases and here, we now recognize an additional jurisdictional defect with the Pratis', Islers', and Scuteri's claims for tax motivated interest. That is, if we accept plaintiffs' characterization of their claims, their



1871157.11

administrative refund claims for tax motivated interest were filed untimely after the jurisdictional deadline prescribed in §§ 6230(c)(1)(A)(ii), (c)(2)(A).[1] Because this additional ground involves subject matter jurisdiction, it is appropriate to raise it now. *See* RCFC 12(h)(3). We have no objection to plaintiffs having an opportunity to file a response to this additional jurisdictional ground.

The statutory scheme in § 6230(c) allows for refund claims when the IRS has erroneously made a computational adjustment necessary to apply to a partner a settlement of partnership items. Such a refund claim must be filed within six months after the day on which the IRS mails a notice of the computational adjustment to the partner. A "computational adjustment" is a defined term, meaning "the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item." § 6231(a)(6). As the Federal Circuit has recognized, tax motivated interest under former § 6621(c) is a computational adjustment. *See Olson v. United States*, 172 F.3d 1311, 1315 n.1, 1318 and n.2 (Fed. Cir. 1999); *see also* Temp. Treas. Reg. § 301.6231(a)(6)-1T(b) (1987) (applicable here) ("A computational adjustment includes any interest due with respect to any underpayment or overpayment of tax attributable to adjustments to reflect properly the treatment of partnership items.").

The Pratis', Islers', and Scuteri's claims for tax motivated interest boil down to the claim that the IRS erroneously computed the interest they owed under their settlements of partnership items, by using the higher tax motivated interest rate instead of the regular interest rate. They

---

[1]A taxpayer may not maintain a tax refund suit before first filing a refund claim for overpayment of tax. *See* § 7422(a). The time periods for filing a refund claim are jurisdictional as they represent the terms on which the United States consents to be sued. *See e.g. United States v. Dalm*, 494 U.S. 596, 602, 608-09 (1990); *see also e.g. Commissioner v. Lundy*, 516 U.S. 235, 240 (1996).

claim that the settlements do not support use of the higher, tax motivated interest rate. Their claims, therefore, allege the IRS "erroneously computed [a] computational adjustment necessary . . . to apply to the partner a settlement. . .," § 6230(c)(1)(A)(ii). They therefore had six months to file refund claims with the IRS after it mailed the allegedly erroneous notices of adjustment to them.[2]

None of the Pratis, Islers, or Scuteri satisfied the six month requirement. The IRS mailed the Pratis notice that their underpayment was subject to interest computed at the higher tax motivated rate in June 1997, but the Pratis did not file their refund claim for such interest until April 1999. *See Prati*, Fed. Cl. No. 02-60T, *Mot.* [Doc. #45] App. B, Ex. 19; *Resp.* [Doc. #48] ¶¶ 18, 26; *App.* [Doc. #75] at B188-B197. The IRS mailed the Islers notice that their underpayment was subject to interest computed at the higher tax motivated rate in September 1997, but the Islers did not file their refund claim for such interest until March 1999. *See Isler*, Fed. Cl. No. 01-344 T, *Mot.* [Doc. #57] App. B, Vol. 1, Ex. 1 at 24-27; *Resp.* [Doc. #70] ¶¶ 21, 27. Finally, the IRS mailed the Scuteris notice that their underpayment was subject to interest computed at the higher tax motivated rate in July 1997, but the Scuteris did not file their refund claim for such interest until April 1999. *See Scuteri*, Fed. Cl. No. 01-358 T, *Mot.* [Doc. #57] App. B, Ex. 15 at 81-84; *Resp.* [Doc. #61] ¶¶ 26, 33.[3]

---

[2] The characterization of plaintiffs' claims in this paragraph differs from one statement about their claim in the motion to dismiss filed in *Isler* and *Scuteri*. *See Scuteri*, Fed. Cl. 01-358 T, *Br.* [Doc. #72] at 9 n.6; *Isler*, Fed. Cl. 01-344 T, *Br.* [Doc. #102] at 11 n.10. The difference is attributable to defendant's evolving and deepening understanding of TEFRA and plaintiffs' claims for refund of tax motivated interest.

[3]The notice mailed to the Pratis differs from the notices mailed to the Islers and Scuteris. The Prati notice includes the mathematical computation of interest, whereas the Isler and Scuteri notices do not, but inform the taxpayers that interest on the calculated underpayments will be

The Pratis, Islers, and Scuteri presumably will argue that their refund claims for tax motivated interest were timely filed within the periods prescribed under the general refund claim provision of § 6511(a). Under one of the periods in that section, a refund claim is timely if filed within two years from the time the tax claimed was paid. Thus, in their refund claims, plaintiffs state, "[t]he claim is timely. It is being filed within two years from the date of payment." *See Prati*, Fed. Cl. No. 02-60T, *Mot.* [Doc. #45] Ex. 13 at 51, 54, 57; *Isler*, Fed. Cl. No. 01-344 T, *Mot.* [Doc. #57] App. B, Vol. 1, Ex. 1 at 17, 31; *Scuteri*, Fed. Cl. No. 01-358 T, *Mot.* [Doc. #57] App. B, Ex. 15 at 68, 71.

However, the general two year period of § 6511(a) does not apply to a refund claim for tax motivated interest. If it did, it would make the specific TEFRA period of limitation for contesting a computational adjustment in § 6230(c)(2)(A) meaningless. A taxpayer, after paying the interest assessment, would never need to satisfy the six month from notice deadline in § 6230(c)(2)(A), knowing the two year from payment period of § 6511(a) remained open. Indeed, Congress did not write such a loophole into the tax code. Rather, as in effect for the taxable years here at issue, Congress forbid use of the refund claim periods in § 6511, where a taxpayer seeks a "refund of an overpayment attributable to . . . (. . . an affected item)." § 6230(d)(6); *see Bob Hamric Chevrolet, Inc. v. U.S.*, 849 F.Supp. 500, 508-09 (W.D. Tex. 1994). An affected item is "any item to the extent such item is affected by a partnership item." § 6231(a)(5). Tax motivated interest imposed pursuant to former § 6621(c)(3)(A)(v) is, in addition to a computational adjustment, an affected item, because it is affected by partnership

---

computed and assessed at the 120% tax motivated interest rate. As plaintiffs identify the erroneous computational adjustment as the use of the higher interest rate, all three mailed notices constitute "the notice of the computational adjustment" for purposes of § 6230(c)(2)(A).

level sham determinations. A long line of Tax Court precedent, including *N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741, 743-46 (1987) and *Affiliated Equip. Leasing II v. Commissioner*, 97 T.C. 575 (1991), has held that tax motivated interest is an affected item. Indeed, plaintiffs acknowledge as much. *See e.g. Prati*, Fed. Cl. No. 02-60T, *Mot.* [Doc. #45] at 11 ("It is well settled that §6621(c) is an affected item . . . .").[4] Thus, plaintiffs' refund claims for tax motivated interest are for an overpayment attributable to an affected item, and the two year period of § 6511(a) cannot apply.

The Pratis, Islers, and Scuteri also claim that their refund claims are timely under § 6230(c). "Additionally, even if any of the periods under I.R.C. §6230(c) apply to any portion of this claim, it is timely under those provisions as well." *See Prati*, Fed. Cl. No. 02-60T, *Mot.* [Doc. #45] Ex. 13 at 51, 54, 57; *Isler*, Fed. Cl. No. 01-344 T, *Mot.* [Doc. #57] App. B, Vol. 1, Ex. 1 at 17, 31; *Scuteri*, Fed. Cl. No. 01-358 T, *Mot.* [Doc. #57] App. B, Ex. 15 at 68, 71. As we explained *supra*, they filed their refund claims for tax motivated interest more than six months after notice of the computation, and they are untimely under § 6230(c)(2)(A). The only other

---

[4] We do not agree that tax motivated interest is always an affected item that requires factual determinations beyond computations to be made at the partner level, as the Tax Court appears to believe. *See e.g. N.C.F.*, 89 T.C. at 744-46. Rather, at least with respect to the tax motivated transactions at issue here, § 6621(c)(3)(A)(v), tax motivated interest is "an affected item solely because of a computational adjustment that cannot be made until the partnership level proceeding is completed." *Id.* at 744. It is thus an "affected item[] . . . [that] involves a computational adjustment." *Olsen*, 172 F.3d at 1317. No non-computational, factual determinations are required to assess tax motivated interest, once it is determined that disallowed partnership deductions stem from sham partnership transactions. The IRS need only compute the resulting tax underpayment, see whether the underpayment exceeds $1,000, and, if so, compute interest at the higher tax motivated interest rate. Be that as it may, for present timeliness of refund claim purposes, it is enough to note agreement all around that tax motivated interest is an affected item. Thus, refund claims for it must be brought within the time limits specified in § 6230(c).

period in § 6230(c) for the taxable years at issue relates to a failure to allow a credit or make a refund pursuant to a settlement, FPAA, or judicial decision:

> claim for refund on the grounds that the Secretary failed to allow a credit or to make a refund to the partner in the amount of the *overpayment* attributable to the *application* to the partner of a settlement, a final partnership administrative adjustment, or the decision of a court in an action brought under section 6226 or section 6228(a).

§ 6230(c)(1)(B) (emphasis added). But § 6230(c)(1)(B) cannot encompass plaintiffs' refund claims for tax motivated interest, even if we assume for argument's sake that plaintiffs' claims derive from their settlement agreements. Congress fashioned this cause of action to enable a taxpayer to enforce a settlement, FPAA, or court decision that, when applied, causes a tax overpayment that the IRS fails to refund or credit. *See Anderson v. U.S.*, No. C-91-3523 MHP, 1993 WL 204605, at *6 (N.D. Cal. June 3, 1993). Here, it is undisputed that the *application* of the settlement agreements to plaintiffs created a tax *underpayment*, not, as the statute requires, an *overpayment* that the IRS failed to credit or refund.

In sum, the Pratis', Islers', and Scuteri's refund claims for tax motivated interest attack the IRS' use of the higher tax motivated interest rate instead of the regular rate to compute interest due on their underpayments. As such, under § 6230(c)(2)(A), their refund claims for the interest were due within six months after the IRS mailed notice of the computational adjustment to them. If, as plaintiffs claim, they did not agree to pay tax motivated interest when they settled, this six month period was ample time to file a refund claim and put the IRS on notice. Plaintiffs failed to do so.[5]

---

[5] To the extent the Court concludes that plaintiffs' refund claims for tax motivated interest were timely filed under § 6230(c), the § 7422(h) analysis set forth in our earlier motions to dismiss would still apply to them. This is because, under § 6230(c), no review of substantive partnership determinations is permitted. § 6230(c)(4). Rather, the FPAA and Tax Court

**CONCLUSION**

For the foregoing reasons, in addition to those expressed in our earlier motions, the Court should dismiss plaintiffs' claims for refund of tax motivated interest.

Respectfully submitted,

s/Bart D. Jeffress
BART D. JEFFRESS
*Attorney of Record*
*U.S. Department of Justice, Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/Steven I. Frahm
Of Counsel

September 25, 2006

determinations that the partnership transactions were shams control.