**U.S. Department Of Justice**

*Tax Division*

EJO'C:LPH:MDPowell
DJ 5-74-14120
CMN 2007102136

*717 N. Harwood*
*Suite 400*
*Dallas, Texas 75201-6598*

*Main Line: (214) 880-9721*
*Attorney's Direct Line:*
*(214) 880-9757*
*Fax: (214) 880-9741/9742*

May 31, 2007

**FEDERAL EXPRESS**

Teresa J. Womack, Esq.
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018-7010

Re: John C. Duffie, et ux. v. United States
Civil No. 4:06-cv-2870 (USDC S.D. Texas)

Dear Ms. Womack:

Pursuant to the Government's agreement during the scheduling conference last Friday in the above-referenced case, enclosed are copies of the two closing agreements which provide the basis for the Tax Court decision documents entered in the AMCOR cases.

If you have any questions concerning this matter, please contact me at the above-listed number. Your cooperation in this matter is appreciated.

Sincerely yours,

Michael D. Powell

MICHAEL D. POWELL
Trial Attorney
Civil Trial Section,
Southwestern Region

Enclosures

EXHIBIT "A"

From: Origin ID: RBDA (214)880-9721
Raymond Pike
DEPARTMENT OF JUSTICE TAX DIV
717 N. HARWOOD ST
SUITE 400
DALLAS, TX 75201

FedEx Express

E

CLS022307/21/23

Ship Date: 31MAY07
ActWgt: 1 LB
System#: 1750281/INET2600
Account#: S *********

Delivery Address Bar Code

Ref #
Invoice #
PO #
Dept #

SHIP TO: (713)965-9244 BILL SENDER

**TERESA J. WOMACK**
**REDDING & ASSOCIATES, P.C.**
**2914 WEST T.C. JESTER**

**HOUSTON, TX 770187010**

**PRIORITY OVERNIGHT** **FRI**

Deliver By:
01JUN07

TRK# **7981 8730 4213** FORM 0201

**IAH** A1

**77018** -TX-US

**A9 SGRA**

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**FORM 906 - Closing Agreement On Final Determination Covering Specific Matters**

Under Sections 6224(c) and 7121 of the Internal Revenue Code ("I.R.C."), Frederick H. Behrens, SSN: 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 ["the Taxpayer"], of Enterprise Way, Coachella, California, and the Commissioner of Internal Revenue make the following Closing Agreement:

WHEREAS, Frederick H. Behrens, SSN 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 was a general partner in each of the partnerships listed in Attachments A and B, during the years 1984, 1985 and 1986 and was an officer of American Agri-Corp, ("AMCOR"), during the years 1984, 1985 and 1986.

WHEREAS, Frederick H. Behrens, was the tax matters partner of all except two of the partnerships listed in Attachments A and B: Houston Farm Associates II and Texas Farm Venturers.

WHEREAS, the Commissioner of Internal Revenue ("respondent"), issued Notice of Final Partnership Administrative Adjustments ("FPAAs") to each of the partnerships listed in Attachment A, determining that certain expenses claimed were not deductible since they related to transactions which were factual or economic shams.

WHEREAS, in response to the FPAAs issued by respondent, timely petitions were filed by partners other than the tax matters partner with the United States Tax Court, in which these partners requested the Court make a final determination with respect to the adjustments set forth in the FPAAs issued by respondent, to the partnerships listed in Attachment A.

WHEREAS, the respondent and the tax matters partner for each of the partnerships listed in Attachment A, whose partnership items are in dispute in docketed proceedings before the United States Tax Court, have reached a contingent agreement with respect to all of the disputed partnership items at issue in the cases listed in Attachment A, which agreement is set forth below and reflected in the Decision documents, submitted with Respondent's Motion for Entry of Decision in the cases listed in Attachments A and B and will become non-contingent as to each case listed in Attachment A when the Decision entered by the United States Tax Court in such case becomes final.

WHEREAS, the tax matters partner of the partnerships listed in Attachment B, timely petitioned the United States Tax Court to

review Administrative Adjustment Requests for these partnerships' 1986 taxable years and requested the Court to determine whether the partnerships' income should be reduced or eliminated.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachment B have entered into a contingent agreement with respect to all of the partnership items at issue in the cases listed in Exhibit A and B, which agreement is set forth below and is also reflected in and will become effective upon Decisions being entered in the cases in Exhibits A and B and those Decisions becoming final.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachments A and B have entered into contingent agreements with respect to affected items, the terms of which are set forth below.

NOW IT IS HEREBY DETERMINED AND AGREED:

1. Frederick H. Behrens, as the tax matters partner for each of the partnerships listed on Attachments A and B except for Houston Farms Associates II and Texas Farm Venturers agrees to the entry of Decisions by the United States Tax Court in the cases involving these partnerships ("the Decisions"), but does not certify that all parties do not object to the granting of Respondent's Motion For Entry of Decision.

2. The terms of the express agreement between the respondent and Frederick H. Behrens are as follows:

a. The terms of this agreement will take effect as to each case listed in Attachments A and B when the Decision entered by the United States Tax Court such case become final.

b. The agreements reflected in the Rule 248(b) Motion for Entry of Decision, this Closing Agreement and the Decisions are not to be construed as "settlement agreements" as defined under I.R.C. § 6231(b)(1)(C). Neither this agreement nor this statement of the agreement acts to convert partnership items to nonpartnership items.

c. If Decisions are entered in each of the docketed

cases listed in Attachments A and B, all parties, as defined by Tax Court Rule 247, including Mr. Behrens, will be directly bound by the final determination of the Tax Court.

d. The parties agree that all Administrative Adjustment Requests relating to adjustments to the income, expense or credit of the partnerships listed in Attachment A, that are presently pending before any court, except the United States Tax Court, will be dismissed with prejudice prior to the entry of Decisions by the United States Tax Court in the proceedings listed in Attachments A and B.

e. Effective upon entry of the Decisions, the parties, as defined by Tax Court Rule 247, expressly waive any right of appeal from the orders, opinions, or other rulings entered in the proceedings listed in Attachments A and B.

f. Effective upon entry of the Decisions and such Decisions becoming final, Frederick H. Behrens expressly waives all claims against the respondent, respondent's employees and representatives, which arise from or are based upon the conduct of the investigation, examination and appeals proceedings relating to AMCOR, its principals and employees, the partnerships listed in Attachment A, or any AMCOR affiliate.

g. Effective upon entry of the Decisions and such Decisions becoming final, Frederick H. Behrens expressly waives all claims against respondent, respondent's employees and representatives arising from or based upon the conduct of the litigation in the proceedings listed in Attachments A and B.

h. Effective upon the entry of the Decisions submitted herewith and such Decisions becoming final, Frederick H. Behrens agrees that the increased rate of interest set forth at I.R.C. § 6621(c) applies to any tax that is assessed as a result of the adjustments set forth in the Decision documents and expressly consents to the assessment of interest with respect to any deficiencies in income tax attributable to his investments in any of the partnerships listed on Attachment A that results from the Decisions being

entered, at the increased rate specified in former I.R.C. § 6621(c).

i. Effective upon entry of the Decisions submitted herewith and such Decisions becoming final, respondent expressly waives all claims against the limited partners for any additions to tax that might be due under I.R.C. §§ 6653 and 6661 to the extent such claims for additions to tax are based upon the adjustment to partnership items set forth in the Decisions.

j. Effective upon entry of the Decisions, and such Decisions becoming final, Frederick H. Behrens, agrees that the addition to tax set forth at I.R.C. § 6661 applies to any tax that is assessed against him as a result of the adjustments set forth in the Decision documents and consents to the assessment of an addition to tax pursuant to I.R.C. § 6661, at the rate of 10% of any additional tax deficiency which results from the adjustments to partnership items contained in the Decisions, which deficiency is attributable to his investments in the partnerships listed in Attachments A and B. The time period for making the assessment of the 6661 addition to tax is set forth at I.R.C. § 6229(d).

l. Effective upon entry of the Decisions and such Decisions becoming final, respondent waives any claims against Frederick H. Behrens for the assessment of additions to tax which might be due under the provisions of I.R.C. § 6653 to the extent they are based upon the adjustments to partnership items of as set forth in the Decisions.

3. If any party, as that term is defined by Tax Court Rule 247, files a timely objection to Respondent's Motion For Entry of Decision and such objection is not withdrawn or otherwise resolved within 90 days of the date that this motion is filed, then Frederick H. Behrens and respondent agree that Respondent's Motion For Entry of Decision, for all cases listed in Attachments A and B, will be withdrawn by respondent, the Commissioner of Internal Revenue.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or

misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions (including any stated exception for Code section 7122) notwithstanding any other law or rule of law; and

(3) if it relates to a tax period ending after this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Taxpayer:

Frederick H. Behrens

Date: 2/6/02

On Behalf of the Commissioner

Jeffrey Galante
Appeals Team Manager

Date: FEB 20 2002

RECEIVED

FEB 14 2002

Southern California
Appeals Off.

# Attachment A: FPAA Cases

| Partnership | Docket No. | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 15045-91 | 1984 |
| Agri-Venture-II | 15048-91 | 1984, 1985 |
| Agri-Cal Venture Assoc. | 12530-90 | 1986 |
| Agri-Venture 1985 | 15035-91 | 1985 |
| Agri-Venture Associates | 15047-91 | 1984, 1985 |
| Agri-Venture Fund | 15034-91 | 1985 |
| Canyon Desert Vineyards | 15054-91 | 1985 |
| Coachella-85 Partners | 15057-91 | 1985 |
| Coachella Fruit Growers | 12531-90 | 1986 |
| Columbia Basin Growers | 15055-91 | 1985 |
| Crop Associates-1986 | 12532-90 | 1986 |
| Desert Flame Growers | 15052-91 | 1984, 1985 |
| Desert Highland Vineyards | 15056-91 | 1985 |
| Dixie Delano Growers | 15053-91 | 1984, 1985 |
| Dixie Ventures-1985 | 15050-91 | 1985 |
| Dixie Ventures-1986 | 12533-90 | 1986 |
| El Rancho Vineyard | 15049-91 | 1985 |
| Emperor Seedless 1985 | 15039-91 | 1985 |
| Houston Farm Assoc.-II | 15041-91 | 1985 |
| Indio Date Associates | 15042-91 | 1985 |
| IVA-1984 | 15051-91 | 1985 |
| IVA-1985 | 15827-90 | 1986 |
| Lifemark Farming Assoc. | 15036-91 | 1984, 1985 |
| Oasis Date Associates | 15037-91 | 1984, 1985 |
| Pecan Diversified Growers | 15038-91 | 1984, 1985 |
| Pump Station III Assoc. | 15040-91 | 1984, 1985 |
| Rancho Calif. Partners | 12534-90 | 1986 |
| Rancho Calif. Partners-II | 12535-90 | 1986 |
| Rancho Madera Partners | 12536-90 | 1986 |
| Richgrove Grape Assoc. | 15044-91 | 1984, 1985 |
| Texas Farm Venturers | 15058-91 | 1984, 1985 |
| Travertine Flame Assoc. | 15059-91 | 1984, 1985 |
| US Farm Partners-84 | 15032-91 | 1984, 1985 |
| US Farm Partners-85 | 15046-91 | 1985 |
| US Farm Partners-86 | 12538-90 | 1986 |
| USB Flame Growers | 15060-91 | 1984, 1985 |
| USB-1985 Associates | 15043-91 | 1985 |
| USB-86 Associates | 12537-90 | 1986 |
| Vista AG-Realty Partners | 12539-90 | 1986 |
| Western Agricultural Vent. | 12540-90 | 1986 |

Attachment B: AAR Cases

| Partnership | Docket No(s). | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 7943-92 | 1986 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 7940-92 | 1986 |
| Agri-Venture 1985 | 7915-92 & 1877-01 | 1985, 1995 |
| Agri-Venture Associates | 7920-92 | 1986 |
| Agri-Venture Fund | 7985-92 & 1866-01 | 1986, 1995 |
| Canyon Desert Vineyards | 7904-92 | 1986 |
| Coachella Fruit Growers | 1876-01 | 1995, 1996 |
| Coachella-85 Partners | 7891-92 & 1862-01 | 1986, 1995 |
| Columbia Basin Growers | 7930-92 | 1986 |
| Desert Flame Growers | 7917-92 | 1986 |
| Desert Highland Vineyards | 7912-92 | 1986 |
| Dixie Delano Growers | 7914-92 | 1986 |
| Dixie Ventures-1985 | 7893-92 & 1865-01 | 1986, 1995, 1996 |
| El Rancho Vineyard | 7900-92 | 1986 |
| Emperor Seedless 1985 | 7980-92 | 1986 |
| Houston Farm Assoc. II | 15826-90, 1875-01 | 1986, 1995 |
| Indio Date Associates | 7924-92 & 1873-01 | 1986, 1995 |
| Lifemark Farming Assoc. | 1872-01 | 1995 |
| IVA-1984 | 7936-92 | 1986 |
| Oasis Date Associates | 7939-92 | 1986 |
| Pecan Diversified Growers | 7937-92 | 1986 |
| Pump Station III Assoc. | 7889-92 | 1986 |
| Rancho Calif. Partners II | 1867-01 | 1995, 1996 |
| Richgrove Grape Assoc. | 7934-92 | 1986 |
| Texas Farm Venturers | 7906-92 | 1986 |
| Travertine Flame Assoc. | 7923-92 | 1986 |
| US Farm Partners-84 | 7922-92 | 1986 |
| US Farm Partners-85 | 7946-92 & 1863-01 | 1986, 1995 |
| US Farm Partners-86 | 1874-01 | 1995, 1996 |
| USB-85 Associates | 7903-92 | 1995 |
| USB-86 Associates | 1871-01 | 1995, 1996 |
| Vista Ag-Realty Partners | 1870-01 | 1995, 1996 |
| Western Agricultural Assoc. | 1869-01 | 1995, 1996 |

**FORM 906 - Closing Agreement On Final Determination Covering Specific Matters**

Under Sections 6224(c) and 7121 of the Internal Revenue Code ("I.R.C."), Robert A. Wright, SSN: 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, ["the Taxpayer"], of Enterprise Way, Coachella, California, and the Commissioner of Internal Revenue make the following Closing Agreement:

WHEREAS, Robert A. Wright, SSN 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 was a general partner in each of the partnerships listed in Attachments A and B, during the years 1984, 1985 and 1986 and was an officer of American Agri-Corp, ("AMCOR"), during the years 1984, 1985 and 1986.

WHEREAS, Robert A. Wright, was the tax matters partner of two of the partnerships listed in Attachments A and B: Houston Farm Associates II and Texas Farm Venturers.

WHEREAS, the Commissioner of Internal Revenue ("respondent"), issued Notice of Final Partnership Administrative Adjustments ("FPAAs") to each of the partnerships listed in Attachment A, determining that certain expenses claimed were not deductible since they related to transactions which were factual or economic shams.

WHEREAS, in response to the FPAAs issued by respondent, timely petitions were filed by partners other than the tax matters partner with the United States Tax Court, in which these partners requested the Court make a final determination with respect to the adjustments set forth in the FPAAs issued by respondent, to the partnerships listed in Attachment A.

WHEREAS, the respondent and the tax matters partner for each of the partnerships listed in Attachment A, whose partnership items are in dispute in docketed proceedings before the United States Tax Court, have reached a contingent agreement with respect to all of the disputed partnership items at issue in the cases listed in Attachment A, which agreement is set forth below and reflected in the Decision documents, submitted with Respondent's Motion for Entry of Decision in the cases listed in Attachments A and B and will become non-contingent as to each case listed in Attachment A when the Decision entered by the United States Tax Court in such case becomes final.

WHEREAS, the tax matters partner of the partnerships listed in Attachment B, timely petitioned the United States Tax Court to review Administrative Adjustment Requests for these partnerships'

1986 taxable years and requested the Court to determine whether the partnerships' income should be reduced or eliminated.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachment B have entered into a contingent agreement with respect to all of the partnership items at issue in the cases listed in Exhibit A and B, which agreement is set forth below and is also reflected in and will become effective upon Decisions being entered in the cases in Exhibits A and B and those Decisions becoming final.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachments A and B have entered into contingent agreements with respect to affected items, the terms of which are set forth below.

NOW IT IS HEREBY DETERMINED AND AGREED:

1. Robert A. Wright, as the tax matters partner for Houston Farms Associates II and Texas Farm Venturers partnerships agrees to the entry of Decisions by the United States Tax Court in the cases involving these partnerships as listed in Attachments A and B ("the Decisions"), but does not certify that all parties do not object to the granting of Respondent's Motion For Entry of Decision.

2. The terms of the express agreement between the respondent and Robert A. Wright are as follows:

a. The terms of this agreement will take effect as to each case listed in Attachments A and B when the Decision entered by the United States Tax Court in such case becomes final.

b. The agreements reflected in the Rule 248(b) Motion for Entry of Decision, this Closing Agreement and the Decisions are not to be construed as "settlement agreements" as defined under I.R.C. § 6231(b)(1)(C). Neither this agreement nor this statement of the agreement acts to convert partnership items to nonpartnership items.

c. If Decisions are entered in each of the docketed cases listed in Attachments A and B, all parties, as

defined by Tax Court Rule 247, including Mr. Wright, will be directly bound by the final determination of the Tax Court.

d. The parties agree that all Administrative Adjustment Requests relating to adjustments to the income, expense or credit of the partnerships listed in Attachment A, that are presently pending before any court, except the United States Tax Court, will be dismissed with prejudice prior to the entry of Decisions by the United States Tax Court in the proceedings listed in Attachments A and B.

e. Effective upon entry of the Decisions, the parties, as defined by Tax Court Rule 247, expressly waive any right of appeal from the orders, opinions, or other rulings entered in the proceedings listed in Attachments A and B.

f. Effective upon entry of the Decisions and such Decisions becoming final, Robert A. Wright expressly waives all claims against the respondent, respondent's employees and representatives, which arise from or are based upon the conduct of the investigation, examination and appeals proceedings relating to AMCOR, its principals and employees, the partnerships listed in Attachment A, or any AMCOR affiliate.

g. Effective upon entry of the Decisions and such Decisions becoming final, Robert A. Wright expressly waives all claims against respondent, respondent's employees and representatives arising from or based upon the conduct of the litigation in the proceedings listed in Attachments A and B.

h. Effective upon the entry of the Decisions submitted herewith and such Decisions becoming final, Robert A. Wright agrees that the increased rate of interest set forth at I.R.C. § 6621(c) applies to any tax that is assessed as a result of the adjustments set forth in the Decision documents and expressly consents to the assessment of interest with respect to any deficiencies in income tax attributable to his investments in any of the partnerships listed on Attachment A that results from the Decisions being entered, at the increased rate specified in former I.R.C. § 6621(c).

i. Effective upon entry of the Decisions submitted herewith and such Decisions becoming final, respondent expressly waives all claims against the limited partners for any additions to tax that might be due under I.R.C. §§ 6653 and 6661 to the extent such claims for additions to tax are based upon the adjustment to partnership items set forth in the Decisions.

j. Effective upon entry of the Decisions, and such Decisions becoming final, Robert A. Wright, agrees that the addition to tax set forth at I.R.C. § 6661 applies to any tax that is assessed against him as a result of the adjustments set forth in the Decision documents and consents to the assessment of an addition to tax pursuant to I.R.C. § 6661, at the rate of 10% of any additional tax deficiency which results from the adjustments to partnership items contained in the Decisions, which deficiency is attributable to his investments in the partnerships listed in Attachments A and B. The time period for making the assessment of the 6661 addition to tax is set forth at I.R.C. § 6229(d).

l. Effective upon entry of the Decisions and such Decisions becoming final, respondent waives any claims against Robert A. Wright for the assessment of additions to tax which might be due under the provisions of I.R.C. § 6653 to the extent they are based upon the adjustments to partnership items of as set forth in the Decisions.

3. If any party, as that term is defined by Tax Court Rule 247, files a timely objection to Respondent's Motion For Entry of Decision and such objection is not withdrawn or otherwise resolved within 90 days of the date that this motion is filed, then Robert A. Wright and respondent agree that Respondent's Motion For Entry of Decision, for all cases listed in Attachments A and B, will be withdrawn by respondent, the Commissioner of Internal Revenue.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code

sections that expressly provide that effect be given to their provisions (including any stated exception for Code section 7122) notwithstanding any other law or rule of law; and

(3) if it relates to a tax period ending after this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Taxpayer:
Robert A. Wright

On Behalf of the Commissioner
Jeffrey Galante
Appeals Team Manager

Date: 2/5/02

Date: FEB 20 2002

RECEIVED
FEB 14 2002
Southern California
Appeals Office

# Attachment A: FPAA Cases

| Partnership | Docket No. | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 15045-91 | 1984 |
| Agri-Venture-II | 15048-91 | 1984, 1985 |
| Agri-Cal Venture Assoc. | 12530-90 | 1986 |
| Agri-Venture 1985 | 15035-91 | 1985 |
| Agri-Venture Associates | 15047-91 | 1984, 1985 |
| Agri-Venture Fund | 15034-91 | 1985 |
| Canyon Desert Vineyards | 15054-91 | 1985 |
| Coachella-85 Partners | 15057-91 | 1985 |
| Coachella Fruit Growers | 12531-90 | 1986 |
| Columbia Basin Growers | 15055-91 | 1985 |
| Crop Associates-1986 | 12532-90 | 1986 |
| Desert Flame Growers | 15052-91 | 1984, 1985 |
| Desert Highland Vineyards | 15056-91 | 1985 |
| Dixie Delano Growers | 15053-91 | 1984, 1985 |
| Dixie Ventures-1985 | 15050-91 | 1985 |
| Dixie Ventures-1986 | 12533-90 | 1986 |
| El Rancho Vineyard | 15049-91 | 1985 |
| Emperor Seedless 1985 | 15039-91 | 1985 |
| Houston Farm Assoc.-II | 15041-91 | 1985 |
| Indio Date Associates | 15042-91 | 1985 |
| IVA-1984 | 15051-91 | 1985 |
| IVA-1985 | 15827-90 | 1986 |
| Lifemark Farming Assoc. | 15036-91 | 1984, 1985 |
| Oasis Date Associates | 15037-91 | 1984, 1985 |
| Pecan Diversified Growers | 15038-91 | 1984, 1985 |
| Pump Station III Assoc. | 15040-91 | 1984, 1985 |
| Rancho Calif. Partners | 12534-90 | 1986 |
| Rancho Calif. Partners-II | 12535-90 | 1986 |
| Rancho Madera Partners | 12536-90 | 1986 |
| Richgrove Grape Assoc. | 15044-91 | 1984, 1985 |
| Texas Farm Venturers | 15058-91 | 1984, 1985 |
| Travertine Flame Assoc. | 15059-91 | 1984, 1985 |
| US Farm Partners-84 | 15032-91 | 1984, 1985 |
| US Farm Partners-85 | 15046-91 | 1985 |
| US Farm Partners-86 | 12538-90 | 1986 |
| USB Flame Growers | 15060-91 | 1984, 1985 |
| USB-1985 Associates | 15043-91 | 1985 |
| USB-86 Associates | 12537-90 | 1986 |
| Vista AG-Realty Partners | 12539-90 | 1986 |
| Western Agricultural Vent. | 12540-90 | 1986 |

# Attachment B: AAR Cases

| Partnership | Docket No(s). | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 7943-92 | 1986 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 7940-92 | 1986 |
| Agri-Venture 1985 | 7915-92 & 1877-01 | 1985, 1995 |
| Agri-Venture Associates | 7920-92 | 1986 |
| Agri-Venture Fund | 7985-92 & 1866-01 | 1986, 1995 |
| Canyon Desert Vineyards | 7904-92 | 1986 |
| Coachella Fruit Growers | 1876-01 | 1995, 1996 |
| Coachella-85 Partners | 7891-92 & 1862-01 | 1986, 1995 |
| Columbia Basin Growers | 7930-92 | 1986 |
| Desert Flame Growers | 7917-92 | 1986 |
| Desert Highland Vineyards | 7912-92 | 1986 |
| Dixie Delano Growers | 7914-92 | 1986 |
| Dixie Ventures-1985 | 7893-92 & 1865-01 | 1986, 1995, 1996 |
| El Rancho Vineyard | 7900-92 | 1986 |
| Emperor Seedless 1985 | 7980-92 | 1986 |
| Houston Farm Assoc. II | 15826-90, 1875-01 | 1986, 1995 |
| Indio Date Associates | 7924-92 & 1873-01 | 1986, 1995 |
| Lifemark Farming Assoc. | 1872-01 | 1995 |
| IVA-1984 | 7936-92 | 1986 |
| Oasis Date Associates | 7939-92 | 1986 |
| Pecan Diversified Growers | 7937-92 | 1986 |
| Pump Station III Assoc. | 7889-92 | 1986 |
| Rancho Calif. Partners II | 1867-01 | 1995, 1996 |
| Richgrove Grape Assoc. | 7934-92 | 1986 |
| Texas Farm Venturers | 7906-92 | 1986 |
| Travertine Flame Assoc. | 7923-92 | 1986 |
| US Farm Partners-84 | 7922-92 | 1986 |
| US Farm Partners-85 | 7946-92 & 1863-01 | 1986, 1995 |
| US Farm Partners-86 | 1874-01 | 1995, 1996 |
| USB-85 Associates | 7903-92 | 1995 |
| USB-86 Associates | 1871-01 | 1995, 1996 |
| Vista Ag-Realty Partners | 1870-01 | 1995, 1996 |
| Western Agricultural Assoc. | 1869-01 | 1995, 1996 |