# FAX COVER SHEET

## INTERNAL REVENUE SERVICE

OFFICE OF DIVISION COUNSEL
(SMALL BUSINESS/SELF-EMPLOYED)
8701 S. Gessner, Suite 710
Houston, Texas 77074
(281) 721-7300
FAX: (281) 721-7356

| | | | |
|---|---|---|---|
| **Date Sent:** | June 8, 2007 | **Pages Sent:** | 21 (Counting Cover) |
| **Deliver To:** | Sallie W. Gladney<br>Attorney | **FAX Number:** | (713) 621-5227 |
| **Organization:** | Redding & Associates, P.C. | **Phone Number:** | (713) 965-9244 |
| **Sender:** | Thomas L. Fenner<br>Attorney (Houston, Group 1) | **FAX Number:** | (281) 721-7391 |
| **Office:** | Small Business/Self-Employed | **Phone Number:** | (281) 721-7309 |
| **Sent by:** | ______________ | **Time:** | ______________ |

**THIS DOCUMENT IS INTENDED ONLY FOR THE NAMED ADDRESSEE.**

This communication is intended for the sole use of the individual to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient or the employee or agent for delivering the communication to the intended recipient, you are heeby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the communication to the address above via the United States Postal Service. Thank you.

**COMMENTS:** Sallie, let me know if you have any suggested changes. If the documents are okay, please sign clean copies and send them to me as soon as possible. Call me if you have any questions. Thanks.

Tom



EXHIBIT "B"

UNITED STATES TAX COURT

| | | |
|---|---|---|
| JAMES E. HOUSTON AND<br>DONNA C. HOUSTON,<br><br>Petitioners,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>Respondent. | ) | Docket No. 1445-06L |

**JOINT MOTION FOR LEAVE TO FILE SUPPLEMENTS TO CROSS MOTIONS FOR SUMMARY JUDGMENT**

THE PARTIES MOVE, pursuant to T.C. Rule 50(a), that the Court grant the parties leave to each file by August 8, 2007 a supplement to their motions for summary judgment previously filed in this case.

IN SUPPORT THEREOF, the parties respectfully state:

1. By letter dated September 13, 2006, Petitioners served on Respondent Petitioners' First Interrogatories and Petitioners' First Request for Production of Documents in this case. Counsel for Respondent understood from discussions with Counsel for Petitioners that Petitioners were seeking in particular written agreements between Respondent and the tax matters partners of the two partnerships at issue in this case.

2. Until June 5, 2007, Counsel for Respondent was unaware of the existence of such agreements and unable to find them.

3. The parties in this case filed a Stipulation of Facts on December 27, 2006, cross motions for summary judgment on January 30, 2007, and responses to each other's motions for

summary judgment on May 18, 2007.

4. On June 5, 2007, an attorney with the U.S. Department of Justice informed Counsel for Respondent that he had located the two written agreements that Petitioners were seeking in this case.

5. Concurrently with the filing of this motion, the parties are also filing a joint motion for leave to file a supplemental stipulation of facts and the parties are lodging concurrently with that motion a supplemental stipulation of facts with the two agreements attached.

6. The parties would like the opportunity to supplement their motions for summary judgment to explain the effect, if any, of the two agreements on the issues raised in those motions.

THEREFORE, the parties ask the Court to grant this motion.

DONALD J. KORB
Chief Counsel
Internal Revenue Service

By:

________________________
SALLIE W. GLADNEY
Counsel for Petitioners
Tax Court Bar No. GS0451
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
FAX: (713) 621-5227

________________________
THOMAS L. FENNER
Attorney (SB/SE)
Tax Court Bar No. FT0168
8701 South Gessner, Ste. 710
Houston, Texas 77074
Telephone: (281) 721-7309
FAX: (281) 721-7391

Date: __________________ Date: __________________

**UNITED STATES TAX COURT**

| | | |
|---|---|---|
| JAMES E. HOUSTON AND DONNA C. HOUSTON, Petitioners, | ) | |
| v. | ) | Docket No. 1445-06L |
| COMMISSIONER OF INTERNAL REVENUE, Respondent. | ) | |

**JOINT MOTION FOR LEAVE TO FILE SUPPLEMENTAL STIPULATION OF FACTS**

THE PARTIES MOVE, pursuant to T.C. Rule 50(a), that the Court grant the parties leave to file the Supplemental Stipulation of Facts lodged concurrently with the filing of this motion.

IN SUPPORT THEREOF, the parties respectfully state:

1. By letter dated September 13, 2006, Petitioners served on Respondent Petitioners' First Interrogatories and Petitioners' First Request for Production of Documents in this case. Counsel for Respondent understood from discussions with Counsel for Petitioners that Petitioners were seeking in particular written agreements between Respondent and the tax matters partners of the two partnerships at issue in this case.

2. Until June 5, 2007, Counsel for Respondent was unaware of the existence of such agreements and unable to find them.

3. The parties in this case filed a Stipulation of Facts on December 27, 2006, cross motions for summary judgment on

January 30, 2007, and responses to each other's motions for summary judgment on May 18, 2007.

4. On June 5, 2007, an attorney with the U.S. Department of Justice informed Counsel for Respondent that he had located the two written agreements that Petitioners were seeking in this case.

5. Contingent upon the granting of this motion, the parties are lodging concurrently with this motion a Supplemental Stipulation of Facts that contains the two written agreements.

6. Concurrently with the filing of this motion, the parties are also filing a joint motion for leave to file supplements to their motions for summary judgment to address the two agreements.

THEREFORE, the parties ask the Court to grant this motion.

DONALD J. KORB
Chief Counsel
Internal Revenue Service

By:

SALLIE W. GLADNEY
Counsel for Petitioners
Tax Court Bar No. GS0451
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
FAX: (713) 621-5227

THOMAS L. FENNER
Attorney (SB/SE)
Tax Court Bar No. FT0168
8701 South Gessner, Ste. 710
Houston, Texas 77074
Telephone: (281) 721-7309
FAX: (281) 721-7391

Date: ____________________ Date: ____________________

# UNITED STATES TAX COURT

| | | |
|---|---|---|
| JAMES E. HOUSTON AND DONNA C. HOUSTON, Petitioners, | ) | |
| v. | ) | Docket No. 1445-06L |
| COMMISSIONER OF INTERNAL REVENUE, Respondent. | ) | |

## SUPPLEMENTAL STIPULATION OF FACTS

Pursuant to leave granted by the Court, the parties hereby stipulate and agree that for the purpose of this case, the following additional facts and exhibits may be taken as true and correct, subject to the rights of the parties to introduce other and further evidence not inconsistent with this stipulation and preserving the parties' rights to object to any and all portions of the stipulation and exhibits as irrelevant, and, unless otherwise expressly stipulated, the parties do not stipulate to the truth of the contents of the exhibits.

30. Attached as Exhibit 22-J is the Form 906 signed by Frederick H. Behrens and Respondent on February 6 and February 20, 2002, respectively.

31. Attached as Exhibit 23-J is the Form 906 signed by Robert A. Wright and Respondent on February 5 and February 20, 2002, respectively.

DONALD J. KORB
Chief Counsel
Internal Revenue Service

By:

SALLIE W. GLADNEY
Counsel for Petitioners
Tax Court Bar No. GS0451
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
FAX: (713) 621-5227

THOMAS L. FENNER
Attorney (SB/SE)
Tax Court Bar No. FT0168
8701 South Gessner, Ste. 710
Houston, Texas 77074
Telephone: (281) 721-7309
FAX: (281) 721-7391

Date: ____________________

Date: ____________________

**FORM 906 - Closing Agreement On Final Determination Covering Specific Matters**

Under Sections 6224(c) and 7121 of the Internal Revenue Code ("I.R.C."), Frederick H. Behrens, SSN: 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 ["the Taxpayer"], of Enterprise Way, Coachella, California, and the Commissioner of Internal Revenue make the following Closing Agreement:

WHEREAS, Frederick H. Behrens, SSN 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 was a general partner in each of the partnerships listed in Attachments A and B, during the years 1984, 1985 and 1986 and was an officer of American Agri-Corp, ("AMCOR"), during the years 1984, 1985 and 1986.

WHEREAS, Frederick H. Behrens, was the tax matters partner of all except two of the partnerships listed in Attachments A and B: Houston Farm Associates II and Texas Farm Venturers.

WHEREAS, the Commissioner of Internal Revenue ("respondent"), issued Notice of Final Partnership Administrative Adjustments ("FPAAs") to each of the partnerships listed in Attachment A, determining that certain expenses claimed were not deductible since they related to transactions which were factual or economic shams.

WHEREAS, in response to the FPAAs issued by respondent, timely petitions were filed by partners other than the tax matters partner with the United States Tax Court, in which these partners requested the Court make a final determination with respect to the adjustments set forth in the FPAAs issued by respondent, to the partnerships listed in Attachment A.

WHEREAS, the respondent and the tax matters partner for each of the partnerships listed in Attachment A, whose partnership items are in dispute in docketed proceedings before the United States Tax Court, have reached a contingent agreement with respect to all of the disputed partnership items at issue in the cases listed in Attachment A, which agreement is set forth below and reflected in the Decision documents, submitted with Respondent's Motion for Entry of Decision in the cases listed in Attachments A and B and will become non-contingent as to each case listed in Attachment A when the Decision entered by the United States Tax Court in such case becomes final.

WHEREAS, the tax matters partner of the partnerships listed in Attachment B, timely petitioned the United States Tax Court to

Exhibit 22-J

review Administrative Adjustment Requests for these partnerships' 1986 taxable years and requested the Court to determine whether the partnerships' income should be reduced or eliminated.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachment B have entered into a contingent agreement with respect to all of the partnership items at issue in the cases listed in Exhibit A and B, which agreement is set forth below and is also reflected in and will become effective upon Decisions being entered in the cases in Exhibits A and B and those Decisions becoming final.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachments A and B have entered into contingent agreements with respect to affected items, the terms of which are set forth below.

NOW IT IS HEREBY DETERMINED AND AGREED:

1. Frederick H. Behrens, as the tax matters partner for each of the partnerships listed on Attachments A and B except for Houston Farms Associates II and Texas Farm Venturers agrees to the entry of Decisions by the United States Tax Court in the cases involving these partnerships ("the Decisions"), but does not certify that all parties do not object to the granting of Respondent's Motion For Entry of Decision.

2. The terms of the express agreement between the respondent and Frederick H. Behrens are as follows:

a. The terms of this agreement will take effect as to each case listed in Attachments A and B when the Decision entered by the United States Tax Court such case become final.

b. The agreements reflected in the Rule 248(b) Motion for Entry of Decision, this Closing Agreement and the Decisions are not to be construed as "settlement agreements" as defined under I.R.C. § 6231(b)(1)(C). Neither this agreement nor this statement of the agreement acts to convert partnership items to nonpartnership items.

c. If Decisions are entered in each of the docketed

Exhibit 22-J

cases listed in Attachments A and B, all parties, as defined by Tax Court Rule 247, including Mr. Behrens, will be directly bound by the final determination of the Tax Court.

d. The parties agree that all Administrative Adjustment Requests relating to adjustments to the income, expense or credit of the partnerships listed in Attachment A, that are presently pending before any court, except the United States Tax Court, will be dismissed with prejudice prior to the entry of Decisions by the United States Tax Court in the proceedings listed in Attachments A and B.

e. Effective upon entry of the Decisions, the parties, as defined by Tax Court Rule 247, expressly waive any right of appeal from the orders, opinions, or other rulings entered in the proceedings listed in Attachments A and B.

f. Effective upon entry of the Decisions and such Decisions becoming final, Frederick H. Behrens expressly waives all claims against the respondent, respondent's employees and representatives, which arise from or are based upon the conduct of the investigation, examination and appeals proceedings relating to AMCOR, its principals and employees, the partnerships listed in Attachment A, or any AMCOR affiliate.

g. Effective upon entry of the Decisions and such Decisions becoming final, Frederick H. Behrens expressly waives all claims against respondent, respondent's employees and representatives arising from or based upon the conduct of the litigation in the proceedings listed in Attachments A and B.

h. Effective upon the entry of the Decisions submitted herewith and such Decisions becoming final, Frederick H. Behrens agrees that the increased rate of interest set forth at I.R.C. § 6621(c) applies to any tax that is assessed as a result of the adjustments set forth in the Decision documents and expressly consents to the assessment of interest with respect to any deficiencies in income tax attributable to his investments in any of the partnerships listed on Attachment A that results from the Decisions being

Exhibit 22-J

entered, at the increased rate specified in former I.R.C. § 6621(c).

i. Effective upon entry of the Decisions submitted herewith and such Decisions becoming final, respondent expressly waives all claims against the limited partners for any additions to tax that might be due under I.R.C. §§ 6653 and 6661 to the extent such claims for additions to tax are based upon the adjustment to partnership items set forth in the Decisions.

j. Effective upon entry of the Decisions, and such Decisions becoming final, Frederick H. Behrens, agrees that the addition to tax set forth at I.R.C. § 6661 applies to any tax that is assessed against him as a result of the adjustments set forth in the Decision documents and consents to the assessment of an addition to tax pursuant to I.R.C. § 6661, at the rate of 10% of any additional tax deficiency which results from the adjustments to partnership items contained in the Decisions, which deficiency is attributable to his investments in the partnerships listed in Attachments A and B. The time period for making the assessment of the 6661 addition to tax is set forth at I.R.C. § 6229(d).

l. Effective upon entry of the Decisions and such Decisions becoming final, respondent waives any claims against Frederick H. Behrens for the assessment of additions to tax which might be due under the provisions of I.R.C. § 6653 to the extent they are based upon the adjustments to partnership items of as set forth in the Decisions.

3. If any party, as that term is defined by Tax Court Rule 247, files a timely objection to Respondent's Motion For Entry of Decision and such objection is not withdrawn or otherwise resolved within 90 days of the date that this motion is filed, then Frederick H. Behrens and respondent agree that Respondent's Motion For Entry of Decision, for all cases listed in Attachments A and B, will be withdrawn by respondent, the Commissioner of Internal Revenue.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or

Exhibit 22-J

misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions (including any stated exception for Code section 7122) notwithstanding any other law or rule of law; and

(3) if it relates to a tax period ending after this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Taxpayer:

Frederick H. Behrens

Date: 2/6/02

On Behalf of the Commissioner

Jeffrey Galante
Appeals Team Manager

Date: FEB 2 0 2002

RECEIVED
FEB 14 2002
Southern California
Appeals Office

Exhibit 22-J

# Attachment A: FPAA Cases

| Partnership | Docket No. | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 15045-91 | 1984 |
| Agri-Venture-II | 15048-91 | 1984, 1985 |
| Agri-Cal Venture Assoc. | 12530-90 | 1986 |
| Agri-Venture 1985 | 15035-91 | 1985 |
| Agri-Venture Associates | 15047-91 | 1984, 1985 |
| Agri-Venture Fund | 15034-91 | 1985 |
| Canyon Desert Vineyards | 15054-91 | 1985 |
| Coachella-85 Partners | 15057-91 | 1985 |
| Coachella Fruit Growers | 12531-90 | 1986 |
| Columbia Basin Growers | 15055-91 | 1985 |
| Crop Associates-1986 | 12532-90 | 1986 |
| Desert Flame Growers | 15052-91 | 1984, 1985 |
| Desert Highland Vineyards | 15056-91 | 1985 |
| Dixie Delano Growers | 15053-91 | 1984, 1985 |
| Dixie Ventures-1985 | 15050-91 | 1985 |
| Dixie Ventures-1986 | 12533-90 | 1986 |
| El Rancho Vineyard | 15049-91 | 1985 |
| Emperor Seedless 1985 | 15039-91 | 1985 |
| Houston Farm Assoc.-II | 15041-91 | 1985 |
| Indio Date Associates | 15042-91 | 1985 |
| IVA-1984 | 15051-91 | 1985 |
| IVA-1985 | 15827-90 | 1986 |
| Lifemark Farming Assoc. | 15036-91 | 1984, 1985 |
| Oasis Date Associates | 15037-91 | 1984, 1985 |
| Pecan Diversified Growers | 15038-91 | 1984, 1985 |
| Pump Station III Assoc. | 15040-91 | 1984, 1985 |
| Rancho Calif. Partners | 12534-90 | 1986 |
| Rancho Calif. Partners-II | 12535-90 | 1986 |
| Rancho Madera Partners | 12536-90 | 1986 |
| Richgrove Grape Assoc. | 15044-91 | 1984, 1985 |
| Texas Farm Venturers | 15058-91 | 1984, 1985 |
| Travertine Flame Assoc. | 15059-91 | 1984, 1985 |
| US Farm Partners-84 | 15032-91 | 1984, 1985 |
| US Farm Partners-85 | 15046-91 | 1985 |
| US Farm Partners-86 | 12538-90 | 1986 |
| USB Flame Growers | 15060-91 | 1984, 1985 |
| USB-1985 Associates | 15043-91 | 1985 |
| USB-86 Associates | 12537-90 | 1986 |
| Vista AG-Realty Partners | 12539-90 | 1986 |
| Western Agricultural Vent. | 12540-90 | 1986 |

Exhibit 22-J

# Attachment B: AAR Cases

| Partnership | Docket No(s). | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 7943-92 | 1986 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 7940-92 | 1986 |
| Agri-Venture 1985 | 7915-92 & 1877-01 | 1985, 1995 |
| Agri-Venture Associates | 7920-92 | 1986 |
| Agri-Venture Fund | 7985-92 & 1866-01 | 1986, 1995 |
| Canyon Desert Vineyards | 7904-92 | 1986 |
| Coachella Fruit Growers | 1876-01 | 1995, 1996 |
| Coachella-85 Partners | 7891-92 & 1862-01 | 1986, 1995 |
| Columbia Basin Growers | 7930-92 | 1986 |
| Desert Flame Growers | 7917-92 | 1986 |
| Desert Highland Vineyards | 7912-92 | 1986 |
| Dixie Delano Growers | 7914-92 | 1986 |
| Dixie Ventures-1985 | 7893-92 & 1865-01 | 1986, 1995, 1996 |
| El Rancho Vineyard | 7900-92 | 1986 |
| Emperor Seedless 1985 | 7980-92 | 1986 |
| Houston Farm Assoc. II | 15826-90, 1875-01 | 1986, 1995 |
| Indio Date Associates | 7924-92 & 1873-01 | 1986, 1995 |
| Lifemark Farming Assoc. | 1872-01 | 1995 |
| IVA-1984 | 7936-92 | 1986 |
| Oasis Date Associates | 7939-92 | 1986 |
| Pecan Diversified Growers | 7937-92 | 1986 |
| Pump Station III Assoc. | 7889-92 | 1986 |
| Rancho Calif. Partners II | 1867-01 | 1995, 1996 |
| Richgrove Grape Assoc. | 7934-92 | 1986 |
| Texas Farm Venturers | 7906-92 | 1986 |
| Travertine Flame Assoc. | 7923-92 | 1986 |
| US Farm Partners-84 | 7922-92 | 1986 |
| US Farm Partners-85 | 7946-92 & 1863-01 | 1986, 1995 |
| US Farm Partners-86 | 1874-01 | 1995, 1996 |
| USB-85 Associates | 7903-92 | 1995 |
| USB-86 Associates | 1871-01 | 1995, 1996 |
| Vista Ag-Realty Partners | 1870-01 | 1995, 1996 |
| Western Agricultural Assoc. | 1869-01 | 1995, 1996 |



Exhibit 22-J

**FORM 906 - Closing Agreement On Final Determination Covering Specific Matters**

Under Sections 6224(c) and 7121 of the Internal Revenue Code ("I.R.C."), Robert A. Wright, SSN: 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, ["the Taxpayer"], of Enterprise Way, Coachella, California, and the Commissioner of Internal Revenue make the following Closing Agreement:

WHEREAS, Robert A. Wright, SSN 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 was a general partner in each of the partnerships listed in Attachments A and B, during the years 1984, 1985 and 1986 and was an officer of American Agri-Corp, ("AMCOR"), during the years 1984, 1985 and 1986.

WHEREAS, Robert A. Wright, was the tax matters partner of two of the partnerships listed in Attachments A and B: Houston Farm Associates II and Texas Farm Venturers.

WHEREAS, the Commissioner of Internal Revenue ("respondent"), issued Notice of Final Partnership Administrative Adjustments ("FPAAs") to each of the partnerships listed in Attachment A, determining that certain expenses claimed were not deductible since they related to transactions which were factual or economic shams.

WHEREAS, in response to the FPAAs issued by respondent, timely petitions were filed by partners other than the tax matters partner with the United States Tax Court, in which these partners requested the Court make a final determination with respect to the adjustments set forth in the FPAAs issued by respondent, to the partnerships listed in Attachment A.

WHEREAS, the respondent and the tax matters partner for each of the partnerships listed in Attachment A, whose partnership items are in dispute in docketed proceedings before the United States Tax Court, have reached a contingent agreement with respect to all of the disputed partnership items at issue in the cases listed in Attachment A, which agreement is set forth below and reflected in the Decision documents, submitted with Respondent's Motion for Entry of Decision in the cases listed in Attachments A and B and will become non-contingent as to each case listed in Attachment A when the Decision entered by the United States Tax Court in such case becomes final.

WHEREAS, the tax matters partner of the partnerships listed in Attachment B, timely petitioned the United States Tax Court to review Administrative Adjustment Requests for these partnerships'

Exhibit 23-J

1986 taxable years and requested the Court to determine whether the partnerships' income should be reduced or eliminated.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachment B have entered into a contingent agreement with respect to all of the partnership items at issue in the cases listed in Exhibit A and B, which agreement is set forth below and is also reflected in and will become effective upon Decisions being entered in the cases in Exhibits A and B and those Decisions becoming final.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachments A and B have entered into contingent agreements with respect to affected items, the terms of which are set forth below.

NOW IT IS HEREBY DETERMINED AND AGREED:

1. Robert A. Wright, as the tax matters partner for Houston Farms Associates II and Texas Farm Venturers partnerships agrees to the entry of Decisions by the United States Tax Court in the cases involving these partnerships as listed in Attachments A and B ("the Decisions"), but does not certify that all parties do not object to the granting of Respondent's Motion For Entry of Decision.

2. The terms of the express agreement between the respondent and Robert A. Wright are as follows:

a. The terms of this agreement will take effect as to each case listed in Attachments A and B when the Decision entered by the United States Tax Court in such case becomes final.

b. The agreements reflected in the Rule 248(b) Motion for Entry of Decision, this Closing Agreement and the Decisions are not to be construed as "settlement agreements" as defined under I.R.C. § 6231(b)(1)(C). Neither this agreement nor this statement of the agreement acts to convert partnership items to nonpartnership items.

c. If Decisions are entered in each of the docketed cases listed in Attachments A and B, all parties, as

Exhibit 23-J

defined by Tax Court Rule 247, including Mr. Wright, will be directly bound by the final determination of the Tax Court.

d. The parties agree that all Administrative Adjustment Requests relating to adjustments to the income, expense or credit of the partnerships listed in Attachment A, that are presently pending before any court, except the United States Tax Court, will be dismissed with prejudice prior to the entry of Decisions by the United States Tax Court in the proceedings listed in Attachments A and B.

e. Effective upon entry of the Decisions, the parties, as defined by Tax Court Rule 247, expressly waive any right of appeal from the orders, opinions, or other rulings entered in the proceedings listed in Attachments A and B.

f. Effective upon entry of the Decisions and such Decisions becoming final, Robert A. Wright expressly waives all claims against the respondent, respondent's employees and representatives, which arise from or are based upon the conduct of the investigation, examination and appeals proceedings relating to AMCOR, its principals and employees, the partnerships listed in Attachment A, or any AMCOR affiliate.

g. Effective upon entry of the Decisions and such Decisions becoming final, Robert A. Wright expressly waives all claims against respondent, respondent's employees and representatives arising from or based upon the conduct of the litigation in the proceedings listed in Attachments A and B.

h. Effective upon the entry of the Decisions submitted herewith and such Decisions becoming final, Robert A. Wright agrees that the increased rate of interest set forth at I.R.C. § 6621(c) applies to any tax that is assessed as a result of the adjustments set forth in the Decision documents and expressly consents to the assessment of interest with respect to any deficiencies in income tax attributable to his investments in any of the partnerships listed on Attachment A that results from the Decisions being entered, at the increased rate specified in former I.R.C. § 6621(c).

Exhibit 23-J

i. Effective upon entry of the Decisions submitted herewith and such Decisions becoming final, respondent expressly waives all claims against the limited partners for any additions to tax that might be due under I.R.C. §§ 6653 and 6661 to the extent such claims for additions to tax are based upon the adjustment to partnership items set forth in the Decisions.

j. Effective upon entry of the Decisions, and such Decisions becoming final, Robert A. Wright, agrees that the addition to tax set forth at I.R.C. § 6661 applies to any tax that is assessed against him as a result of the adjustments set forth in the Decision documents and consents to the assessment of an addition to tax pursuant to I.R.C. § 6661, at the rate of 10% of any additional tax deficiency which results from the adjustments to partnership items contained in the Decisions, which deficiency is attributable to his investments in the partnerships listed in Attachments A and B. The time period for making the assessment of the 6661 addition to tax is set forth at I.R.C. § 6229(d).

l. Effective upon entry of the Decisions and such Decisions becoming final, respondent waives any claims against Robert A. Wright for the assessment of additions to tax which might be due under the provisions of I.R.C. § 6653 to the extent they are based upon the adjustments to partnership items of as set forth in the Decisions.

3. If any party, as that term is defined by Tax Court Rule 247, files a timely objection to Respondent's Motion For Entry of Decision and such objection is not withdrawn or otherwise resolved within 90 days of the date that this motion is filed, then Robert A. Wright and respondent agree that Respondent's Motion For Entry of Decision, for all cases listed in Attachments A and B, will be withdrawn by respondent, the Commissioner of Internal Revenue.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code

sections that expressly provide that effect be given to their provisions (including any stated exception for Code section 7122) notwithstanding any other law or rule of law; and

(3) if it relates to a tax period ending after this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Taxpayer/

Robert A. Wright

Date: 2/5/02

On Behalf of the Commissioner

Jeffrey Galante
Appeals Team Manager

Date: FEB 20 2002

RECEIVED
FEB 14 2002
Southern California
Appeals Office

Exhibit 23-J

# Attachment A: FPAA Cases

| Partnership | Docket No. | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 15045-91 | 1984 |
| Agri-Venture-II | 15048-91 | 1984, 1985 |
| Agri-Cal Venture Assoc. | 12530-90 | 1986 |
| Agri-Venture 1985 | 15035-91 | 1985 |
| Agri-Venture Associates | 15047-91 | 1984, 1985 |
| Agri-Venture Fund | 15034-91 | 1985 |
| Canyon Desert Vineyards | 15054-91 | 1985 |
| Coachella-85 Partners | 15057-91 | 1985 |
| Coachella Fruit Growers | 12531-90 | 1986 |
| Columbia Basin Growers | 15055-91 | 1985 |
| Crop Associates-1986 | 12532-90 | 1986 |
| Desert Flame Growers | 15052-91 | 1984, 1985 |
| Desert Highland Vineyards | 15056-91 | 1985 |
| Dixie Delano Growers | 15053-91 | 1984, 1985 |
| Dixie Ventures-1985 | 15050-91 | 1985 |
| Dixie Ventures-1986 | 12533-90 | 1986 |
| El Rancho Vineyard | 15049-91 | 1985 |
| Emperor Seedless 1985 | 15039-91 | 1985 |
| Houston Farm Assoc.-II | 15041-91 | 1985 |
| Indio Date Associates | 15042-91 | 1985 |
| IVA-1984 | 15051-91 | 1985 |
| IVA-1985 | 15827-90 | 1986 |
| Lifemark Farming Assoc. | 15036-91 | 1984, 1985 |
| Oasis Date Associates | 15037-91 | 1984, 1985 |
| Pecan Diversified Growers | 15038-91 | 1984, 1985 |
| Pump Station III Assoc. | 15040-91 | 1984, 1985 |
| Rancho Calif. Partners | 12534-90 | 1986 |
| Rancho Calif. Partners-II | 12535-90 | 1986 |
| Rancho Madera Partners | 12536-90 | 1986 |
| Richgrove Grape Assoc. | 15044-91 | 1984, 1985 |
| Texas Farm Venturers | 15058-91 | 1984, 1985 |
| Travertine Flame Assoc. | 15059-91 | 1984, 1985 |
| US Farm Partners-84 | 15032-91 | 1984, 1985 |
| US Farm Partners-85 | 15046-91 | 1985 |
| US Farm Partners-86 | 12538-90 | 1986 |
| USB Flame Growers | 15060-91 | 1984, 1985 |
| USB-1985 Associates | 15043-91 | 1985 |
| USB-86 Associates | 12537-90 | 1986 |
| Vista AG-Realty Partners | 12539-90 | 1986 |
| Western Agricultural Vent. | 12540-90 | 1986 |

Exhibit 23-J

# Attachment B: AAR Cases

| Partnership | Docket No(s). | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 7943-92 | 1986 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 7940-92 | 1986 |
| Agri-Venture 1985 | 7915-92 & 1877-01 | 1985, 1995 |
| Agri-Venture Associates | 7920-92 | 1986 |
| Agri-Venture Fund | 7985-92 & 1866-01 | 1986, 1995 |
| Canyon Desert Vineyards | 7904-92 | 1986 |
| Coachella Fruit Growers | 1876-01 | 1995, 1996 |
| Coachella-85 Partners | 7891-92 & 1862-01 | 1986, 1995 |
| Columbia Basin Growers | 7930-92 | 1986 |
| Desert Flame Growers | 7917-92 | 1986 |
| Desert Highland Vineyards | 7912-92 | 1986 |
| Dixie Delano Growers | 7914-92 | 1986 |
| Dixie Ventures-1985 | 7893-92 & 1865-01 | 1986, 1995, 1996 |
| El Rancho Vineyard | 7900-92 | 1986 |
| Emperor Seedless 1985 | 7980-92 | 1986 |
| Houston Farm Assoc. II | 15826-90, 1875-01 | 1986, 1995 |
| Indio Date Associates | 7924-92 & 1873-01 | 1986, 1995 |
| Lifemark Farming Assoc. | 1872-01 | 1995 |
| IVA-1984 | 7936-92 | 1986 |
| Oasis Date Associates | 7939-92 | 1986 |
| Pecan Diversified Growers | 7937-92 | 1986 |
| Pump Station III Assoc. | 7889-92 | 1986 |
| Rancho Calif. Partners II | 1867-01 | 1995, 1996 |
| Richgrove Grape Assoc. | 7934-92 | 1986 |
| Texas Farm Venturers | 7906-92 | 1986 |
| Travertine Flame Assoc. | 7923-92 | 1986 |
| US Farm Partners-84 | 7922-92 | 1986 |
| US Farm Partners-85 | 7946-92 & 1863-01 | 1986, 1995 |
| US Farm Partners-86 | 1874-01 | 1995, 1996 |
| USB-85 Associates | 7903-92 | 1995 |
| USB-86 Associates | 1871-01 | 1995, 1996 |
| Vista Ag-Realty Partners | 1870-01 | 1995, 1996 |
| Western Agricultural Assoc. | 1869-01 | 1995, 1996 |



Exhibit 23-J

# UNITED STATES TAX COURT

WASHINGTON, DC 20217

| | | |
|---|---|---|
| JAMES E. HOUSTON and DONNA C. HOUSTON,<br><br>Petitioners,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>Respondent. | ) | Docket No. 1445-06L. |

## O R D E R

This case was on the Court's November 27, 2006 trial calendar for Houston, Texas, but was continued and set up to be decided on cross-motions for summary judgment. Shortly after briefing ended, the parties discovered a possibly key piece of evidence that they seek to have made part of the record, and then have a chance to address in supplemental briefs. This is reasonable, and it is therefore

ORDERED that parties' motion for leave to file a supplemental stipulation is granted, and the Supplemental Stipulation of Facts lodged with the Court on June 13, 2007 shall be filed as of the date of this order. It is also

ORDERED that the parties' motion to file supplements to their motions for summary judgment is granted and any supplement is to be filed on or before August 8, 2007.

(Signed) Mark V. Holmes

Mark V. Holmes
Judge

Dated: Washington, D.C.
June 19, 2007

EXHIBIT "C"