462 SB: 8

U.S. TAX COURT
APR 16 2001

UNITED STATES TAX COURT

| | |
|---|---|
| COACHELLA FRUIT GROWERS, ET AL., Frederick H. Behrens, Tax Matters Partner, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent. | Docket Nos. 12531-90, 12533-90, 12534-90, 12535-90, 12536-90, 12537-90, 12538-90, 12539-90, 12540-90, 15826-90, 15827-90, 15032-91, 15035-91, 15036-91, 15037-91, 15038-91, 15039-91, 15040-91, 15042-91, 15043-91, 15044-91, 15045-91, 15046-91, 15048-91, 15049-91, 15051-91, 15052-91, 15053-91, 15054-91, 15055-91, 15056-91, 15057-91, 15059-91, 15060-91, 7889-92, 7891-92, 7893-92, 7895-92, 7900-92, 7903-92, 7904-92, 7906-92, 7908-92, 7912-92, 7914-92, 7915-92, 7917-92, 7920-92, 7922-92, 7923-92, 7924-92, 7930-92, 7933-92, 7934-92, 7936-92, 7937-92, 7939-92, 7940-92, 7943-92, 7946-92, 1862-01, 1863-01, 1864-01, 1865-01, 1866-01, 1867-01, 1868-01, 1869-01, 1870-01, 1871-01, 1872-01, 1873-01, 1874-01, 1875-01, 1876-01, 1877-01 Judge Halpern |

RECEIVED IN ... 01 JUL 19 ... INTERNAL REVENUE SERVICE

**MOTION FOR ENTRY OF DECISIONS PURSUANT TO RULE 248(b)**

RESPONDENT MOVES, pursuant to Rule 248(b) of the Tax Court's Rules of Practice and Procedure, that the Decisions submitted herewith be entered in the above-docketed cases 60 days after the date on which this Motion is granted.

U. S. TAX COURT
GRANTED
JUL 19 2001
(Signed) James S. Halpern

IN SUPPORT THEREOF, the respondent shows unto the Court the following:

1. In the notices of Final Partnership Administrative Adjustments ("FPAAs") which were timely issued to the tax matters partners of the partnerships involved in those above-docketed proceedings listed in **Attachment A** ("the FPAA Cases"), respondent proposed adjustments to certain partnership items of each partnership.

2. In the FPAA Cases, respondent determined that certain of the transactions entered into by each of the partnerships were factual or economic shams and respondent disallowed the deductions claimed for expenses relating to these transactions.

3. Timely petitions were filed by partners other than the tax matters partner in each of the FPAA Cases, seeking a final determination of the disputed partnership items which were disallowed in the FPAAs.

4. In July 1999, the tax matters partners for each of the partnerships was permitted to intervene in the FPAA Cases.

5. By Order dated October 4, 1999, the remaining original petitioning partners and participating partners in the FPAA Cases were dismissed as participating partners based upon their failure to prosecute.

6. As of October 4, 1999, no partners other than the intervening tax matters partners are participating partners, within the meaning of Rule 247(b) of the Tax Court's Rules of Practice and Procedure, in the above-docketed partnership proceedings listed in **Attachment A**.

7. The time within which to file notice of election to participate in the above-docketed proceedings under Rule 245(b)

has expired and as of the date of this motion, no partner has moved for leave to intervene.

8. The respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the FPAA Cases have reached contingent agreements with respect to all of the disputed partnership items at issue in the FPAA Cases. The portion of the contingent agreement that relates to the partnership items at issue in these proceedings is reflected in the Decisions submitted herewith.

9. All partners in each partnership whose partnership items are to be determined in the FPAA Cases and who meet the interest requirements of I.R.C. § 6226(d) are deemed to be parties to those partnership proceedings pursuant to the provisions of I.R.C. § 6226(c) and Rule 247(a) of the Tax Court's Rules of Practice and Procedure and upon entry of the Decision and that Decision becoming final, will be bound by the determination of the partnership items set forth therein, and will be assessed any additional tax resulting from the adjustments contained in the Decision documents pursuant to the provisions of I.R.C. §§ 6225, 6230(a) and 6231(a)(6) within the time period provided by I.R.C. § 6229(d).

10. In timely filed Administrative Adjustment Requests ["AARs"] under I.R.C. § 6227(c)(2), the tax matters partners for the partnerships whose partnership items are at issue in those above-docketed proceedings listed **Attachment B** ("the AAR Cases") advanced a protective claim that certain amounts of income that was reported by the partnerships in subsequent years be reduced or eliminated in the event the Court should determine that the

partnerships' transactions were factual or economic shams, which claims were not allowed by respondent.

11. Within the time prescribed by I.R.C. § 6228(a), the tax matters partners for the partnerships whose partnership items are in dispute in the AAR Cases, timely petitioned this Court to review the AAR claims and to determined whether the partnerships' income should be reduced or eliminated.

12. As of October 4, 1999, no partners other than the tax matters partners are participating partners, within the meaning of Rule 247(b) of the Tax Court's Rules of Practice and Procedure, in those above-docketed partnership proceedings listed in **Attachment B.**

13. The time within which to file notice of election to participate in the above-docketed proceedings under Rule 245(b) has expired for all cases except those at docket numbers 1862-01 through 1877-01. As of the date of this motion, no partner has moved for leave to intervene.

14. The respondent and the tax matters partner for each of the Partnerships whose partnership items are in dispute in the AAR Cases have entered into contingent agreements with respect to all of the partnership items at issue in the AAR Cases, which agreement is reflected in the Decisions submitted herewith.

15. All partners of the partnerships listed in **Attachment B** who meet the interest requirements of I.R.C. § 6226(d) are treated as parties to those actions pursuant to I.R.C. § 6228(a)(4)(A) and Rule 247(a) of the Tax Court's Rules of Practice and Procedure and upon entry of the decision will be

bound by the determination of the partnership items set forth therein.

16. During the administrative partnership proceedings which resulted in the issuance of FPAAs to the tax matters partners of the partnerships listed in **Attachment A**, respondent also made preliminary determinations as to certain affected items, including the liability of the limited partners for additions to tax pursuant to I.R.C. §§ 6653 and 6661, and for the assessment of interest on the deficiencies in the partners' income tax at the increased rate prescribed by former I.R.C. § 6621(c); which determinations the tax matters partner and other partners are expected to dispute.

17. In the interest of all partners who are deemed to be parties to those proceedings, the tax matters partner for each partnership has entered into a settlement agreement with respondent, contingent upon Decisions being entered by the United States Tax Court and becoming final, pursuant to Tax Court Rule 248(b), in each of the above-docketed partnership proceedings. The the terms of this contingent agreement are shown in **Attachment C.**

18. The tax matters partner for each partnership agrees to the proposed Decisions in these cases, but does not certify that no party objects to the granting of Respondent's Motion For Entry of Decision.

19. If any partner of the partnership files motion for leave to participate and is permitted by the Court to file an objection to this motion for entry of decision pursuant to Tax Court Rule 248(b)(4), and such objection is not withdrawn or

otherwise resolved within 90 days of the date on which this motion is filed, the tax matters partners and respondent stipulate that this motion for entry of decisions will be withdrawn by respondent.

20. Once the Decisions submitted herewith are entered by the Court and become final, respondent will assess any deficiency in income tax due from each partner by way of computational adjustment, under I.R.C. § 6231(a)(6) based upon the adjustment contained in the Decisions, within the time period provided by I.R.C. § 6229(d); and based upon the determination made in the Decisions, respondent will assess interest which has accrued thereon under former I.R.C. § 6621(c), within the time period provided by I.R.C. § 6229(d).

21. The agreements reflected in the Rule 248(b) Motion for Entry of Decision, including Attachments, and the Decisions are not to be construed as "settlement agreements" under I.R.C. section 6231(b)(1)(C). The statement of the agreements, including **Attachment C**, does not act to convert partnership items to nonpartnership items, but rather, sets forth how the Decisions will be entered by the Tax Court which will be binding on the non-participating partners who are parties to these proceedings.

22. The Motion for Entry of Decision in the cases at Docket No. 12531-90 et. al., and the Motion for Entry of Decision in the consolidated group of cases at Docket No. 12530-90 are contingent upon each of these Motions being granted. Should either one of Respondent's Motions for Entry of Decision be denied then Respondent requests that other other Motion for Entry of Decision also be denied or withdrawn.

WHEREFORE, it is prayed that this motion be granted.

RICHARD W. SKILLMAN
Acting Chief Counsel
Internal Revenue Service

Date: 4/12/01

BY: Alice M. Harbutte
ALICE M. HARBUTTE
Attorney, LMSB Area 4
Tax Court No. HA0363
1244 Speer Blvd., Suite 500
Denver, Colorado 80204
(303) 844-3258

OF COUNSEL:

JAMES CLARK
ASSOCIATE AREA COUNSEL
Communication, Technology & Media, Area 5
MARGARET K. HEBERT
Assistant Area Counsel (Strategic Litigation)
Internal Revenue Service
701 B Street, Suite 901
San Diego, CA 92101
(619) 557-6014

# Attachment A: FPAA Case.

| [illegible] | Docket No. | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 15045-91 | 1984 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 15048-91 | 1984, 1985 |
| Agri-Cal Venture Assoc. | 12530-90 | 1986 |
| Agri-Venture 1985 | 15035-91 | 1985 |
| Agri-Venture Associates | 15047-91 | 1984, 1985 |
| Agri-Venture Fund | 15034-91 | 1985 |
| Canyon Desert Vineyards | 15054-91 | 1985 |
| Coachella-85 Partners | 15057-91 | 1985 |
| Coachella Fruit Growers | 12531-90 | 1986 |
| Columbia Basin Growers | 15055-91 | 1985 |
| Crop Associates-1986 | 12532-90 | 1986 |
| Desert Flame Growers | 15052-91 | 1984, 1985 |
| Desert Highland Vineyards | 15056-91 | 1985 |
| Dixie Delano Growers | 15053-91 | 1984, 1985 |
| Dixie Ventures-1985 | 15050-91 | 1985 |
| Dixie Ventures-1986 | 12533-90 | 1986 |
| El Rancho Vineyard | 15049-91 | 1985 |
| Emperor Seedless 1985 | 15039-91 | 1985 |
| Houston Farm Assoc.-II | 15041-91 | 1985 |
| Indio Date Associates | 15042-91 | 1985 |
| IVA-1984 | 15051-91 | 1985 |
| IVA-1985 | 15827-90 | 1986 |
| Lifemark Farming Assoc. | 15036-91 | 1984, 1985 |
| Oasis Date Associates | 15037-91 | 1984, 1985 |
| Pecan Diversified Growers | 15038-91 | 1984, 1985 |
| Pump Station III Assoc. | 15040-91 | 1984, 1985 |
| Rancho Calif. Partners | 12534-90 | 1986 |
| Rancho Calif. Partners-II | 12535-90 | 1986 |
| Rancho Madera Partners | 12536-90 | 1986 |
| Richgrove Grape Assoc. | 15044-91 | 1984, 1985 |
| Texas Farm Venturers | 15058-91 | 1984, 1985 |
| Travertine Flame Assoc. | 15059-91 | 1984, 1985 |
| US Farm Partners-84 | 15032-91 | 1984, 1985 |
| US Farm Partners-85 | 15046-91 | 1985 |
| US Farm Partners-86 | 12538-90 | 1986 |
| USB Flame Growers | 15060-91 | 1984, 1985 |
| USB-1985 Associates | 15043-91 | 1985 |
| USB-86 Associates | 12537-90 | 1986 |
| Vista AG-Realty Partners | 12539-90 | 1986 |
| Western Agricultural Vent. | 12540-90 | 1986 |

# Attachment B: AAR Cases

| Partnership | Docket No(s). | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 7943-92 | 1986 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 7940-92 | 1986 |
| Agri-Venture 1985 | 7915-92 & 1877-01 | 1985, 1995 |
| Agri-Venture Associates | 7920-92 | 1986 |
| Agri-Venture Fund | 7985-92 & 1866-01 | 1986, 1995 |
| Canyon Desert Vineyards | 7904-92 | 1986 |
| Coachella Fruit Growers | 1876-01 | 1995, 1996 |
| Coachella-85 Partners | 7891-92 & 1862-01 | 1986, 1995 |
| Columbia Basin Growers | 7930-92 | 1986 |
| Desert Flame Growers | 7917-92 | 1986 |
| Desert Highland Vineyards | 7912-92 | 1986 |
| Dixie Delano Growers | 7914-92 | 1986 |
| Dixie Ventures-1985 | 7893-92 & 1865-01 | 1986, 1995, 1996 |
| El Rancho Vineyard | 7900-92 | 1986 |
| Emperor Seedless 1985 | 7980-92 | 1986 |
| Houston Farm Assoc. II | 15826-90, 1875-01 | 1986, 1995 |
| Indio Date Associates | 7924-92 & 1873-01 | 1986, 1995 |
| Lifemark Farming Assoc. | 1872-01 | 1995 |
| IVA-1984 | 7936-92 | 1986 |
| Oasis Date Associates | 7939-92 | 1986 |
| Pecan Diversified Growers | 7937-92 | 1986 |
| Pump Station III Assoc. | 7889-92 | 1986 |
| Rancho Calif. Partners II | 1867-01 | 1995, 1996 |
| Richgrove Grape Assoc. | 7934-92 | 1986 |
| Texas Farm Venturers | 7906-92 | 1986 |
| Travertine Flame Assoc. | 7923-92 | 1986 |
| US Farm Partners-84 | 7922-92 | 1986 |
| US Farm Partners-85 | 7946-92 & 1863-01 | 1986, 1995 |
| US Farm Partners-86 | 1874-01 | 1995, 1996 |
| USB-85 Associates | 7903-92 | 1995 |
| USB-86 Associates | 1871-01 | 1995, 1996 |
| Vista Ag-Realty Partners | 1870-01 | 1995, 1996 |
| Western Agricultural Assoc. | 1869-01 | 1995, 1996 |

**ATTACHMENT C**

In the interests of all parties to the proceeding, respondent and the tax matters partner for each partnerships listed in **Attachments A and B** ("the Partnerships"), have entered into agreements as to all partnership items here in dispute and all affected items determined by respondent but not yet before the Court; which agreements are contingent upon the express or implied consent of all partners who are deemed to be parties to this proceeding under I.R.C. §§ 6226(c), 6228(a)(4)(A) and Tax Court Rule 247(a), to the entry of Decision by the United States Tax Court pursuant to Tax Court Rule 248(b), in each of the above-docketed cases.

1. The tax matters partner for the Partnerships agrees to the Decision submitted herewith, but does not certify that all parties do not object to the granting of Respondent's Motion For Entry of Decision.

2. The terms of the express agreement between the respondent and the tax matters partners, Frederick Behrens and Robert Wright, and of the implied agreement between respondent and all partners are as follows:

a. The terms of the agreements, as set forth below, will only take effect if Decisions are entered by the United States Tax Court in all of the above-docketed cases pursuant to Tax Court Rule 248(b) and such Decisions become final.

b. The agreements reflected in the Rule 248(b) Motion for Entry of Decision and the Decisions are not to be

construed as "settlement agreements" under I.R.C. section 6231(b)(1)(C). This statement of the agreement does not act to convert partnership items to nonpartnership items, but rather it sets forth how the Decision will be entered by the Tax Court which will be binding on the non-participating partners who are parties to these proceedings.

c. The income, expenses, and credits of the Partnerships for the first year in which a deduction for Farming Expenses was claimed on Schedule F and disallowed by respondent in the FPAA ("the Adjustment Year"), will be adjusted by the reduced amounts shown in the Decisions. If Decisions are entered in each of the above-docketed cases, it is contemplated that all parties will be directly bound by the final determination of the Tax Court. Any resulting assessments of additional tax will be made within the time period provided by I.R.C. § 6229(d).

d. If Decisions are not entered in each of the above-docketed cases the contingent agreements between the respondent and the tax matters partners will not take effect.

e. In consideration of the reduced adjustments to partnership income, expense and credits set forth in therein, the parties agree that the income, expense and credits reported by the Partnership for years ending after the Adjustment Year up through December 31, 1997,

will not be adjusted by respondent or by any partner. All Administrative Adjustment Requests relating to adjustments to the income, expense or credit of the Partnerships which are presently pending before any court will be dismissed with prejudice prior to the entry of Decisions by the United States Tax Court in this proceeding.

f. Effective upon entry of the Decisions and in consideration of the reduced adjustments set forth therein, the parties expressly waive any right of appeal from the orders, opinions, or other rulings entered in this proceeding or in the related proceedings.

g. Effective upon entry the of Decisions and such Decisions becoming final, and in consideration of the reduced adjustments set forth therein, the parties expressly waive all claims against the respondent, his employees, and representatives, which arise from or are based upon the conduct of the investigation and examination of the AMCOR, its principals and employees. the Partnership, or any AMCOR affiliate.

h. Effective upon entry of the Decisions and such Decisions becoming final, and in consideration of the reduced adjustments set forth therein, the parties expressly waive all claims against respondent, his employees, and representatives arising from or based

upon the conduct of the litigation in this proceeding and in the related proceedings.

i. Effective upon the entry of the Decisions submitted herewith and such Decisions becoming final, and in consideration of the reduced adjustments set forth therein, the partners expressly consent to the assessment of interest on the deficiencies in income tax, if any, which are attributable to the adjustments to the partnership items of Partnership at the increased rate specified in former I.R.C. § 6621(c). Such assessment will be made within the time period prescribed by I.R.C. § 6229(d).

j. Effective upon entry of the Decisions submitted herewith and such Decisions becoming final, and in consideration of the parties' consent to the assessment of interest at the rate prescribed by former I.R.C. § 6621(c), respondent expressly waives all claims against the limited partners for any additions to tax that might be due under I.R.C. §§ 6653 and 6661 to the extent such claims for additions to tax are based upon the adjustment to partnership items set forth in the Decisions.

k. Effective upon entry of the Decisions, and such Decisions becoming final, the general partners of Partnerships, Frederick Behrens and Robert Wright, consent to the assessment of an addition to tax pursuant to I.R.C. § 6661, at the rate of 10% of any

additional tax deficiency which results from the adjustments to partnership items contained in the Decisions. The time period for making any assessments under I.R.C. § 6661 is set forth at I.R.C. § 6229(f), beginning from the date the separate Closing Agreement signed by the tax matters partners become non-contingent.

1. Effective upon entry of the Decisions and such Decisions becoming final, and in consideration of the foregoing, respondent waives any claims against the general partners for the assessment of additions to tax which might be due under the provisions of I.R.C. § 6653 to the extent they are based upon the adjustments to partnership items of Partnership set forth in the Decisions.

4. Pursuant to Tax Court Rule 248(b), the entry of the Decisions in these proceedings is contingent upon the express or implied consent of all parties. Absent a timely objection to the entry of the decisions submitted herewith, the parties to the proceedings shall be presumed to have consented to all of the terms of the agreement described above and shall be estopped from challenging the adjustments to the partnership items determined in the decision and from challenging the assessment of interest accruing on any deficiencies in income tax attributable thereto at the increased rate prescribed by former I.R.C. § 6621(c).

5. If any party to this proceeding files a timely objection to Respondent's Motion For Entry of Decision and such objection

is not withdrawn or otherwise resolved within 90 days of the date that this motion is filed, the tax matters partners and respondent stipulate that Respondent's Motion For Entry of Decision will be withdrawn by respondent.

6. All partners of the partnership who meet the interest requirements of I.R.C. § 6226(d) are treated as parties to this action pursuant to I.R.C. § 6226(c) and Rule 247(a) of the Tax Court's Rules of Practice and Procedure.

7. Once the Decisions submitted herewith are entered by the Court, respondent will assess any deficiency in income tax due from each partner by way of computational adjustment based upon the decision within the time period provided by I.R.C. § 6229(d); respondent will assess interest which has accrued thereon pursuant to the provisions of former I.R.C. § 6621(c) within the time period provided by I.R.C. § 6229(d); and, respondent will assess any additions to tax, as stated above in paragraph 3.

8. The express agreement between respondent and the tax matters partners, Frederick Behrens and Robert A. Wright, and the implied agreements between respondent all other parties to this proceeding, which agreements are evidenced by the absence of any timely objection to the motion for entry of decision, are without prejudice to the partners' individual rights to seek administrative or judicial relief that they may be entitled to, including but not limited to any rights under I.R.C. §§ 6015, 6230(a)(3), 6230(c), and 7122.

9. If Respondent's Motion for Entry of Decision is granted, and any individual partner, who is a party to these proceedings,

takes an action inconsistent with the terms of this agreement, respondent reserves the right to issue an affected item notice of deficiency with respect to additions to tax to that individual within the time period provided by I.R.C. §§ 6229(d) and 6229(f).

UNITED STATES TAX COURT

| | |
|---|---|
| AGRI-CAL VENTURE ASSOCIATES, et al. Frederick H. Behrens, Tax Matters Partner, | Docket Nos. 12530-90, 12532-90, 15034-91, 15041-91, 15047-91, 15050-91, 15058-91 |
| Petitioners, | |
| v. | Judge Halpern |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent. | |

MOTION FOR ENTRY OF DECISIONS PURSUANT TO RULE 248(b)

RESPONDENT MOVES, pursuant to Rule 248(b) of the Tax Court's Rules of Practice and Procedure, that the Decisions submitted herewith be entered in the above-docketed cases 60 days after the date on which this Motion is granted.

IN SUPPORT THEREOF, the respondent shows unto the Court the following:

EXHIBIT "E"

1. In the notices of Final Partnership Administrative Adjustments ("FPAAs") which were timely issued to the tax matters partners of the partnerships involved in those above-docketed proceedings listed in **Attachment A** ("the FPAA Cases"), respondent proposed adjustments to certain partnership items of each partnership.

2. In the FPAA Cases, respondent determined that certain of the transactions entered into by each of the partnerships were factual or economic shams and respondent disallowed the deductions claimed for expenses relating to these transactions.

3. Timely petitions were filed by partners other than the tax matters partner in each of the FPAA Cases, seeking a final determination of the disputed partnership items which were disallowed in the FPAAs.

4. In July 1999, the tax matters partners for each of the partnerships was permitted to intervene in the FPAA Cases.

5. By Order dated October 4, 1999, the remaining original petitioning partners and participating partners in the FPAA Cases were dismissed as participating partners based upon their failure to prosecute.

6. As of October 4, 1999, no partners other than the intervening tax matters partners are participating partners, within the meaning of Rule 247(b) of the Tax Court's Rules of Practice and Procedure, in the above-docketed partnership proceedings listed in **Attachment A.**

7. The time within which to file notice of election to participate in the above-docketed proceedings under Rule 245(b)

has expired and as of the date of this motion, no partner has moved for leave to intervene.

8. The respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the FPAA Cases have reached contingent agreements with respect to all of the disputed partnership items at issue in the FPAA Cases. The portion of the contingent agreement that relates to the partnership items at issue in these proceedings is reflected in the Decisions submitted herewith.

9. All partners in each partnership whose partnership items are to be determined in the FPAA Cases and who meet the interest requirements of I.R.C. § 6226(d) are deemed to be parties to those partnership proceedings pursuant to the provisions of I.R.C. § 6226(c) and Rule 247(a) of the Tax Court's Rules of Practice and Procedure and upon entry of the Decision and that Decision becoming final, will be bound by the determination of the partnership items set forth therein, and will be assessed any additional tax resulting from the adjustments contained in the Decision documents pursuant to the provisions of I.R.C. §§ 6225, 6230(a) and 6231(a)(6) within the time period provided by I.R.C. § 6229(d).

10. In timely filed Administrative Adjustment Requests ["AARs"] under I.R.C. § 6227(c)(2), the tax matters partners for the partnerships whose partnership items are at issue in those above-docketed proceedings listed **Attachment B** ("the AAR Cases") advanced a protective claim that certain amounts of income that was reported by the partnerships in subsequent years be reduced or eliminated in the event the Court should determine that the

partnerships' transactions were factual or economic shams, which claims were not allowed by respondent.

11. Within the time prescribed by I.R.C. § 6228(a), the tax matters partners for the partnerships whose partnership items are in dispute in the AAR Cases, timely petitioned this Court to review the AAR claims and to determined whether the partnerships' income should be reduced or eliminated.

12. As of October 4, 1999, no partners other than the tax matters partners are participating partners, within the meaning of Rule 247(b) of the Tax Court's Rules of Practice and Procedure, in those above-docketed partnership proceedings listed in **Attachment B**.

13. The time within which to file notice of election to participate in the above-docketed proceedings under Rule 245(b) has expired for all cases except those at docket numbers 1862-01 through 1877-01. As of the date of this motion, no partner has moved for leave to intervene.

14. The respondent and the tax matters partner for each of the Partnerships whose partnership items are in dispute in the AAR Cases have entered into contingent agreements with respect to all of the partnership items at issue in the AAR Cases, which agreement is reflected in the Decisions submitted herewith.

15. All partners of the partnerships listed in **Attachment B** who meet the interest requirements of I.R.C. § 6226(d) are treated as parties to those actions pursuant to I.R.C. § 6228(a)(4)(A) and Rule 247(a) of the Tax Court's Rules of Practice and Procedure and upon entry of the decision will be

bound by the determination of the partnership items set forth therein.

16. During the administrative partnership proceedings which resulted in the issuance of FPAAs to the tax matters partners of the partnerships listed in **Attachment A**, respondent also made preliminary determinations as to certain affected items, including the liability of the limited partners for additions to tax pursuant to I.R.C. §§ 6653 and 6661, and for the assessment of interest on the deficiencies in the partners' income tax at the increased rate prescribed by former I.R.C. § 6621(c); which determinations the tax matters partner and other partners are expected to dispute.

17. In the interest of all partners who are deemed to be parties to those proceedings, the tax matters partner for each partnership has entered into a settlement agreement with respondent, contingent upon Decisions being entered by the United States Tax Court and becoming final, pursuant to Tax Court Rule 248(b), in each of the above-docketed partnership proceedings. The the terms of this contingent agreement are shown in **Attachment C**.

18. The tax matters partner for each partnership agrees to the proposed Decisions in these cases, but does not certify that no party objects to the granting of Respondent's Motion For Entry of Decision.

19. If any partner of the partnership files motion for leave to participate and is permitted by the Court to file an objection to this motion for entry of decision pursuant to Tax Court Rule 248(b)(4), and such objection is not withdrawn or

otherwise resolved within 90 days of the date on which this motion is filed, the tax matters partners and respondent stipulate that this motion for entry of decisions will be withdrawn by respondent.

20. Once the Decisions submitted herewith are entered by the Court and become final, respondent will assess any deficiency in income tax due from each partner by way of computational adjustment, under I.R.C. § 6231(a)(6) based upon the adjustment contained in the Decisions, within the time period provided by I.R.C. § 6229(d); and based upon the determination made in the Decisions, respondent will assess interest which has accrued thereon under former I.R.C. § 6621(c), within the time period provided by I.R.C. § 6229(d).

21. The agreements reflected in the Rule 248(b) Motion for Entry of Decision, including Attachments, and the Decisions are not to be construed as "settlement agreements" under I.R.C. section 6231(b)(1)(C). The statement of the agreements, including **Attachment C**, does not act to convert partnership items to nonpartnership items, but rather, sets forth how the Decisions will be entered by the Tax Court which will be binding on the non-participating partners who are parties to these proceedings.

22. The Motion for Entry of Decision in the cases at Docket No. 12531-90 et. al., and the Motion for Entry of Decision in the consolidated group of cases at Docket No. 12530-90 are contingent upon each of these Motions being granted. Should either one of Respondent's Motions for Entry of Decision be denied then Respondent requests that other other Motion for Entry of Decision also be denied or withdrawn.

WHEREFORE, it is prayed that this motion be granted.

RICHARD W. SKILLMAN
Acting Chief Counsel
Internal Revenue Service

Date: 4/12/01

BY: Alice M. Harbutte

ALICE M. HARBUTTE
Attorney, LMSB Area 4
Tax Court No. HA0363
1244 Speer Blvd., Suite 500
Denver, Colorado 80204
(303) 844-3258

OF COUNSEL:

JAMES CLARK
ASSOCIATE AREA COUNSEL
Communication, Technology & Media, Area 5
MARGARET K. HEBERT
Assistant Area Counsel (Strategic Litigation)
Internal Revenue Service
701 B Street, Suite 901
San Diego, CA 92101
(619) 557-6014

# Attachment A: FPAA Case

| Partnership | Docket No. | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 15045-91 | 1984 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 15048-91 | 1984, 1985 |
| Agri-Cal Venture Assoc. | 12530-90 | 1986 |
| Agri-Venture 1985 | 15035-91 | 1985 |
| Agri-Venture Associates | 15047-91 | 1984, 1985 |
| Agri-Venture Fund | 15034-91 | 1985 |
| Canyon Desert Vineyards | 15054-91 | 1985 |
| Coachella-85 Partners | 15057-91 | 1985 |
| Coachella Fruit Growers | 12531-90 | 1986 |
| Columbia Basin Growers | 15055-91 | 1985 |
| Crop Associates-1986 | 12532-90 | 1986 |
| Desert Flame Growers | 15052-91 | 1984, 1985 |
| Desert Highland Vineyards | 15056-91 | 1985 |
| Dixie Delano Growers | 15053-91 | 1984, 1985 |
| Dixie Ventures-1985 | 15050-91 | 1985 |
| Dixie Ventures-1986 | 12533-90 | 1986 |
| El Rancho Vineyard | 15049-91 | 1985 |
| Emperor Seedless 1985 | 15039-91 | 1985 |
| Houston Farm Assoc.-II | 15041-91 | 1985 |
| Indio Date Associates | 15042-91 | 1985 |
| IVA-1984 | 15051-91 | 1985 |
| IVA-1985 | 15827-90 | 1986 |
| Lifemark Farming Assoc. | 15036-91 | 1984, 1985 |
| Oasis Date Associates | 15037-91 | 1984, 1985 |
| Pecan Diversified Growers | 15038-91 | 1984, 1985 |
| Pump Station III Assoc. | 15040-91 | 1984, 1985 |
| Rancho Calif. Partners | 12534-90 | 1986 |
| Rancho Calif. Partners-II | 12535-90 | 1986 |
| Rancho Madera Partners | 12536-90 | 1986 |
| Richgrove Grape Assoc. | 15044-91 | 1984, 1985 |
| Texas Farm Venturers | 15058-91 | 1984, 1985 |
| Travertine Flame Assoc. | 15059-91 | 1984, 1985 |
| US Farm Partners-84 | 15032-91 | 1984, 1985 |
| US Farm Partners-85 | 15046-91 | 1985 |
| US Farm Partners-86 | 12538-90 | 1986 |
| USB Flame Growers | 15060-91 | 1984, 1985 |
| USB-1985 Associates | 15043-91 | 1985 |
| USB-86 Associates | 12537-90 | 1986 |
| Vista AG-Realty Partners | 12539-90 | 1986 |
| Western Agricultural Vent. | 12540-90 | 1986 |

# Attachment B: AAR Cases

| Partnership | Docket No(s). | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 7943-92 | 1986 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 7940-92 | 1986 |
| Agri-Venture 1985 | 7915-92 & 1877-01 | 1985, 1995 |
| Agri-Venture Associates | 7920-92 | 1986 |
| Agri-Venture Fund | 7985-92 & 1866-01 | 1986, 1995 |
| Canyon Desert Vineyards | 7904-92 | 1986 |
| Coachella Fruit Growers | 1876-01 | 1995, 1996 |
| Coachella-85 Partners | 7891-92 & 1862-01 | 1986, 1995 |
| Columbia Basin Growers | 7930-92 | 1986 |
| Desert Flame Growers | 7917-92 | 1986 |
| Desert Highland Vineyards | 7912-92 | 1986 |
| Dixie Delano Growers | 7914-92 | 1986 |
| Dixie Ventures-1985 | 7893-92 & 1865-01 | 1986, 1995, 1996 |
| El Rancho Vineyard | 7900-92 | 1986 |
| Emperor Seedless 1985 | 7980-92 | 1986 |
| Houston Farm Assoc. II | 15826-90, 1875-01 | 1986, 1995 |
| Indio Date Associates | 7924-92 & 1873-01 | 1986, 1995 |
| Lifemark Farming Assoc. | 1872-01 | 1995 |
| IVA-1984 | 7936-92 | 1986 |
| Oasis Date Associates | 7939-92 | 1986 |
| Pecan Diversified Growers | 7937-92 | 1986 |
| Pump Station III Assoc. | 7889-92 | 1986 |
| Rancho Calif. Partners II | 1867-01 | 1995, 1996 |
| Richgrove Grape Assoc. | 7934-92 | 1986 |
| Texas Farm Venturers | 7906-92 | 1986 |
| Travertine Flame Assoc. | 7923-92 | 1986 |
| US Farm Partners-84 | 7922-92 | 1986 |
| US Farm Partners-85 | 7946-92 & 1863-01 | 1986, 1995 |
| US Farm Partners-86 | 1874-01 | 1995, 1996 |
| USB-85 Associates | 7903-92 | 1995 |
| USB-86 Associates | 1871-01 | 1995, 1996 |
| Vista Ag-Realty Partners | 1870-01 | 1995, 1996 |
| Western Agricultural Assoc. | 1869-01 | 1995, 1996 |

**ATTACHMENT C**

In the interests of all parties to the proceeding, respondent and the tax matters partner for each partnerships listed in **Attachments A and B** ("the Partnerships"), have entered into agreements as to all partnership items here in dispute and all affected items determined by respondent but not yet before the Court; which agreements are contingent upon the express or implied consent of all partners who are deemed to be parties to this proceeding under I.R.C. §§ 6226(c), 6228(a)(4)(A) and Tax Court Rule 247(a), to the entry of Decision by the United States Tax Court pursuant to Tax Court Rule 248(b), in each of the above-docketed cases.

1. The tax matters partner for the Partnerships agrees to the Decision submitted herewith, but does not certify that all parties do not object to the granting of Respondent's Motion For Entry of Decision.

2. The terms of the express agreement between the respondent and the tax matters partners, Frederick Behrens and Robert Wright, and of the implied agreement between respondent and all partners are as follows:

a. The terms of the agreements, as set forth below, will only take effect if Decisions are entered by the United States Tax Court in all of the above-docketed cases pursuant to Tax Court Rule 248(b) and such Decisions become final.

b. The agreements reflected in the Rule 248(b) Motion for Entry of Decision and the Decisions are not to be

construed as "settlement agreements" under I.R.C. section 6231(b)(1)(C). This statement of the agreement does not act to convert partnership items to nonpartnership items, but rather it sets forth how the Decision will be entered by the Tax Court which will be binding on the non-participating partners who are parties to these proceedings.

c. The income, expenses, and credits of the Partnerships for the first year in which a deduction for Farming Expenses was claimed on Schedule F and disallowed by respondent in the FPAA ("the Adjustment Year"), will be adjusted by the reduced amounts shown in the Decisions. If Decisions are entered in each of the above-docketed cases, it is contemplated that all parties will be directly bound by the final determination of the Tax Court. Any resulting assessments of additional tax will be made within the time period provided by I.R.C. § 6229(d).

d. If Decisions are not entered in each of the above-docketed cases the contingent agreements between the respondent and the tax matters partners will not take effect.

e. In consideration of the reduced adjustments to partnership income, expense and credits set forth in therein, the parties agree that the income, expense and credits reported by the Partnership for years ending after the Adjustment Year up through December 31, 1997,

will not be adjusted by respondent or by any partner. All Administrative Adjustment Requests relating to adjustments to the income, expense or credit of the Partnerships which are presently pending before any court will be dismissed with prejudice prior to the entry of Decisions by the United States Tax Court in this proceeding.

f. Effective upon entry of the Decisions and in consideration of the reduced adjustments set forth therein, the parties expressly waive any right of appeal from the orders, opinions, or other rulings entered in this proceeding or in the related proceedings.

g. Effective upon entry the of Decisions and such Decisions becoming final, and in consideration of the reduced adjustments set forth therein, the parties expressly waive all claims against the respondent, his employees, and representatives, which arise from or are based upon the conduct of the investigation and examination of the AMCOR, its principals and employees. the Partnership, or any AMCOR affiliate.

h. Effective upon entry of the Decisions and such Decisions becoming final, and in consideration of the reduced adjustments set forth therein, the parties expressly waive all claims against respondent, his employees, and representatives arising from or based

upon the conduct of the litigation in this proceeding and in the related proceedings.

i. Effective upon the entry of the Decisions submitted herewith and such Decisions becoming final, and in consideration of the reduced adjustments set forth therein, the partners expressly consent to the assessment of interest on the deficiencies in income tax, if any, which are attributable to the adjustments to the partnership items of Partnership at the increased rate specified in former I.R.C. § 6621(c). Such assessment will be made within the time period prescribed by I.R.C. § 6229(d).

j. Effective upon entry of the Decisions submitted herewith and such Decisions becoming final, and in consideration of the parties' consent to the assessment of interest at the rate prescribed by former I.R.C. § 6621(c), respondent expressly waives all claims against the limited partners for any additions to tax that might be due under I.R.C. §§ 6653 and 6661 to the extent such claims for additions to tax are based upon the adjustment to partnership items set forth in the Decisions.

k. Effective upon entry of the Decisions, and such Decisions becoming final, the general partners of Partnerships, Frederick Behrens and Robert Wright, consent to the assessment of an addition to tax pursuant to I.R.C. § 6661, at the rate of 10% of any

additional tax deficiency which results from the adjustments to partnership items contained in the Decisions. The time period for making any assessments under I.R.C. § 6661 is set forth at I.R.C. § 6229(f), beginning from the date the separate Closing Agreement signed by the tax matters partners become non-contingent.

1. Effective upon entry of the Decisions and such Decisions becoming final, and in consideration of the foregoing, respondent waives any claims against the general partners for the assessment of additions to tax which might be due under the provisions of I.R.C. § 6653 to the extent they are based upon the adjustments to partnership items of Partnership set forth in the Decisions.

4. Pursuant to Tax Court Rule 248(b), the entry of the Decisions in these proceedings is contingent upon the express or implied consent of all parties. Absent a timely objection to the entry of the decisions submitted herewith, the parties to the proceedings shall be presumed to have consented to all of the terms of the agreement described above and shall be estopped from challenging the adjustments to the partnership items determined in the decision and from challenging the assessment of interest accruing on any deficiencies in income tax attributable thereto at the increased rate prescribed by former I.R.C. § 6621(c).

5. If any party to this proceeding files a timely objection to Respondent's Motion For Entry of Decision and such objection

is not withdrawn or otherwise resolved within 90 days of the date that this motion is filed, the tax matters partners and respondent stipulate that Respondent's Motion For Entry of Decision will be withdrawn by respondent.

6. All partners of the partnership who meet the interest requirements of I.R.C. § 6226(d) are treated as parties to this action pursuant to I.R.C. § 6226(c) and Rule 247(a) of the Tax Court's Rules of Practice and Procedure.

7. Once the Decisions submitted herewith are entered by the Court, respondent will assess any deficiency in income tax due from each partner by way of computational adjustment based upon the decision within the time period provided by I.R.C. § 6229(d); respondent will assess interest which has accrued thereon pursuant to the provisions of former I.R.C. § 6621(c) within the time period provided by I.R.C. § 6229(d); and, respondent will assess any additions to tax, as stated above in paragraph 3.

8. The express agreement between respondent and the tax matters partners, Frederick Behrens and Robert A. Wright, and the implied agreements between respondent all other parties to this proceeding, which agreements are evidenced by the absence of any timely objection to the motion for entry of decision, are without prejudice to the partners' individual rights to seek administrative or judicial relief that they may be entitled to, including but not limited to any rights under I.R.C. §§ 6015, 6230(a)(3), 6230(c), and 7122.

9. If Respondent's Motion for Entry of Decision is granted, and any individual partner, who is a party to these proceedings,

takes an action inconsistent with the terms of this agreement, respondent reserves the right to issue an affected item notice of deficiency with respect to additions to tax to that individual within the time period provided by I.R.C. §§ 6229(d) and 6229(f).