IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-60 T
Judge Lawrence J. Block

---

RONALD C. PRATI and MARY G. PRATI,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

RESPONSE TO MOTION FOR RECONSIDERATION

---

**INTRODUCTION AND FACTUAL BACKGROUND**

Pursuant to the Court's order entered May 5, 2008, defendant respectfully submits this response to plaintiffs' motion for reconsideration [Doc. #89]. Plaintiffs' motion simply repeats arguments they made prior to the Court's Opinion [Doc. #87]. Since the issues plaintiffs raise have previously been considered by the Court, their motion should be denied. Plaintiffs' alternative request to vacate 77 judgments should be denied with respect to this case and 59 others, as the Court's Opinion fully resolves all issues and is correct. Plaintiffs' motion should be granted with respect to the remaining 17 cases, solely to resolve any case specific claims that may have survived the Court's Opinion.

On April 16, 2008, the Court issued an Opinion [Doc. #87], dismissing all of plaintiffs' claims (untimely assessment, tax motivated interest, and interest abatement) and ordering that 76 related cases be dismissed for lack of jurisdiction. Two days later, the Court entered judgments

in all 77 cases, and dismissed all claims.

On April 30, 2008, plaintiffs filed a motion for reconsideration in this case, requesting that the motion be deemed filed in the other 76 cases. Plaintiffs asked the Court to reconsider its Opinion and reverse its determination that it has no jurisdiction. In the alternative, plaintiffs requested one of two remedies: either (1) that the Court vacate all 77 judgments, and stay the cases pending resolution of the appeal in *Keener*, Fed. Cl. No. 03-2028 T and *Smith*, Fed. Cl. No. 04-907; or (2) that the Court vacate all 77 judgments, consolidate with this case the other 76 cases (minus any presenting case specific claims), and re-enter judgment in the consolidated case, (to permit a consolidated appeal).

Plaintiffs' motion also singled out four cases (*Belair*, *Boland*, *Cannon*, and *Wyckoff*) which they claim present case specific claims that were not resolved by the Court's Opinion, and asked that judgments in those four cases be vacated. *See Mot.* [Doc. #89] at 2 n.2. The motion revealed that plaintiffs' counsel was undertaking a review of all 77 cases to determine which presented case specific claims and therefore merited a separate motion to vacate. *Id.*

Thereafter, on May 2, 2008, plaintiffs filed separate motions to vacate in fifteen of the 77 cases (including *Belair* and *Boland* but not *Cannon* and *Wyckoff*). In each, they contend that the Court's Opinion did not resolve all claims, but that case specific claims remained for plaintiffs to pursue a judgment or partial judgment in their favor.[1]

---

[1] The fifteen cases in which plaintiffs filed separate motions to vacate are: (1) *Arumugam*, Fed. Cl. No. 02-1395 T; (2) *Dhillon*, Fed. Cl. No. 02-1477 T; (3) *Barry*, Fed. Cl. No. 03-200 T; (4) *Martin*, Fed. Cl. No. 03-2272 T; (5) *Donaldson*, Fed. Cl. No. 03-2875 T; (6) *Johnson*, Fed. Cl. No. 04-908 T; (7) *Boland*, Fed. Cl. No. 06-859 T; (8) *Northcutt*, Fed. Cl. No. 06-860 T; (9) *Fournier*, Fed. Cl. No. 06-933 T; (10) *Corkill*, Fed. Cl. No. 07-147 T; (11) *Feldman*, Fed. Cl. No. 07-224 T; (12) *Dvoranchik*, Fed. Cl. No. 07-231 T; (13) *Dykstra*, Fed. Cl. No. 07-309 T; (14) *Fillmore*, Fed. Cl. No. 07-341 T; (15) *Belair*, Fed. Cl. No. 07-588 T.

**I. Plaintiffs' motion should be denied, as it seeks to revive unsuccessful arguments already before the Court when it issued its Opinion.**

The primary grounds plaintiffs offer for reconsideration illustrate why stringent standards are applied before such motions may be granted. Dissatisfied with the Court's 22-page-single-spaced Opinion, plaintiffs bombard the Court for 16 pages with the same arguments they made prior to issuance of the Opinion. A movant is not entitled on reconsideration to re-argue a case. Rather, the party that has not prevailed must show extraordinary circumstances justifying relief in at least one of three categories - an intervening change in controlling law, previously unavailable evidence, or manifest injustice. *See e.g. Caldwell v. U.S.*, 391 F.3d 1226, 1235 (Fed. Cir. 2004); *Franklin Sav. Corp. v. U.S.*, 56 Fed. Cl. 720, 735 (2003); *Fru-Con Constr. Corp. v. U.S.*, 44 Fed. Cl. 298, 300-01 (1999).[2] Far from the required showing, plaintiffs' reiteration of previous argument does not even claim to satisfy the applicable standard.

On pages 4-6 of their motion, plaintiffs reiterate their arguments about the pre-1997 version of § 6226(d)(1)(B). Plaintiffs made these arguments before, *see Resp.* [Doc. #40] at 19; *Isler*, Fed. Cl. No. 01-344 T, *Not.* [Doc. #95] at 6-10, and we responded, *see Resp.* [Doc. #44] at 4-5; *Isler*, Fed. Cl. No. 01-344 T, *Resp.* [Doc. #100] at 4-7.

On pages 6-13 and 20, plaintiffs press their comprehensive settlement mantra, pointing to materials already submitted. Those arguments also were presented earlier to the Court, *see Br.* [Doc. #74] at 15-20, along with our response, showing why plaintiffs were wrong, *see Reply*

[2] Any suggestion in plaintiffs' motion that the reconsideration standard is relaxed by *Int'l Air Resp., Inc. v. U.S.*, - - Fed. Cl. - - , 2008 WL 920392, at *1 (Apr. 2, 2008), is belied by continuing past plaintiffs' myopic citation to page one and reading page two of the Opinion, which reiterates the well settled principles reviewed *supra*. *Compare Mot.* [Doc. #89] at 2 with *Int'l Air.*, 2008 WL 920392 at *1-2.

[Doc. #78] at 5-16.

On pages 13-14 and 17 nn. 38-39, plaintiffs invoke the opinions in *McGann v. U.S.*, 76 Fed. Cl. 745 (2007) (*McGann I*) and *McGann v. U.S.*, - - Fed. Cl. - -, 2008 WL 1891398 (Apr. 25, 2008) (*McGann II*) and reargue their summary judgment motion. Plaintiffs, however, already fully vetted their *McGann I* arguments, *see Br.* [Doc. #85] at 16-20, and we countered, *see Resp.* [Doc. #86] at 2-9. And *McGann II* is based on the arguments plaintiffs extensively briefed in support of their summary judgment motion (re *Treas. Reg.* § 301.6621-2T, *Todd*, *McCrary*, *Rogers*, and *Schachter*), *see Mot.* [Doc. #45] at 14-27; *Br.* [Doc. #85] at 14-16, to which we have responded in detail, *see Reply* [Doc. #78] at 17-21; *Resp.* [Doc. #86] at 16-20.[3]

On pages 14-17, plaintiffs repeat fully briefed arguments about tax motivated interest, *see Br.* [Doc. #74] at 7-8, 30-32, to which defendant already has replied, *see Reply* [Doc. #78] at 3-5.

On pages 17-20, plaintiffs challenge the plain language of Tax Court decisions, as they did before, *see Br.* [Doc. #85] at 12; *Isler*, Fed. Cl. No. 01-344 T, *Tr.* [Doc. #122] at 171-72, and we responded, *see Resp.* [Doc. #86] at 14-16. *See also Nault v. U.S.*, 517 F.3d 2, 6-7 (1st Cir. 2008). (While portions of pages 19-20 include a new argument - about Tax Court decisions and a tax motivated transaction involving distorting accounting methods (former § 6621(c)(3)(A)(iv)) - that argument could have been raised long ago and therefore is not proper in a motion for reconsideration. *See Caldwell*, 391 F.3d at 1235; *Int'l Air.*, 2008 WL 920392 at *2. In any event, this new argument has no impact whatsoever on the Court's opinion.).

In sum, plaintiffs' motion, comprised of old arguments, is precisely the kind the

---

[3] In our view, *McGann I* and *McGann II* were wrongly decided.

reconsideration standard eschews.[4]

**II. The Court should not vacate the judgment in this case or in 59 others.**

The parties long ago jointly selected *Prati* as a representative AMCOR case. The Court's Opinion resolved all claims presented in *Prati* in favor of defendant, and plaintiffs do not contend otherwise. The Court entered judgments against the plaintiffs in 77 cases. As an alternative to the granting of their motion for reconsideration, plaintiffs ask the Court to vacate the judgment in all 77 cases. Plaintiffs seek far too much.

As with this case, plaintiffs do not dispute that in 59 of the 76 other cases, the Court's Opinion resolves all pending claims, and that nothing remains to be resolved. Plaintiffs offer no valid reason to vacate these 60 appropriately entered judgments. The appeal pending in *Keener* does not justify the relief plaintiffs are seeking. The pendency of a related case on appeal is not a sufficient reason to forestall entry of judgment. *See e.g. Comcation, Inc. v. U.S.*, 78 Fed. Cl. 61 (2007) (directing entry of judgment while related case, *USA Choice Internet Serv., LLC v. U.S.*, 73 Fed. Cl. 780 (2006), *rev'd* - - F.3d - -, 2008 WL 1722192 (Fed. Cir. 2008), was on appeal).

Similarly unavailing is plaintiffs' claim that partners in all 76 cases other than *Prati* are entitled to present proof to distinguish the substantive terms of their settlement agreements from those at issue in *Prati*, *Isler*, and *Scuteri*. As an initial matter, complaints in 29 of the 76 cases do not even allege that there was a settlement agreement. *See Isler*, Fed. Cl. No. 01-344 T,

---

[4] Finally, there is nothing for the Court to correct about its statement of a partnership level Court's jurisdiction under § 6226(f) (to determine partnership items, their allocation among partners, and the applicability of penalties, additions to tax, or additional amounts related to partnership item adjustments). *See Opinion* [Doc. #87] at 9. While providing a general overview of the relevant statutory framework, the Court referenced § 6226(f) as currently codified, but did not state that the 1997 amendments to the jurisdictional grant applied to this case, as plaintiffs incorrectly infer, *see Mot.* [Doc. #89] at 3-4.

*Chart* [Doc. #127] (noting in column "870-P(AD)" whether taxpayer/s alleged to have entered a settlement agreement); *Caldwell*, 07-548 T, *Compl.* ¶ 8; *Lynn*, 07-564 T, *Compl.* ¶¶ 8, 18; *Belair*, 07-588 T, *Compl.* ¶ 8; *Crouse*, 07-894 T, *Compl.* ¶ 8. These partners did not enter into partial settlements, and they were parties in the Tax Court proceeding as to all issues, when that court issued decisions disallowing their deductions and attributing the disallowance to tax motivated transactions.

Further, with the exception of two cases (*Cannon* and *Wyckoff*), plaintiffs concede that AMCOR settlements were "substantively similar." *See Mot.* [Doc. #89] at 21-22 and 2 n.2. Consistent with that concession is plaintiffs' counsel's earlier representation that they would not attempt the type of widespread case by case distinctions they now assert they are entitled to prove. *See Isler*, Fed. Cl. No. 01-344 T, *Tr.* [Doc. #122] at 174-75. Indeed, there would have been no justification for representative cases, if a factual determination of settlement terms was necessary in every case. Plaintiffs are not entitled to disavow the representative case actions they requested, now that they have lost the representative case.

In sum, judgments for defendant were properly entered in 60 cases, and should not be disturbed.

**III. Defendant does not object to vacating the judgment in the remaining 17 cases, but only to address any claims present in those cases that *Prati* did not resolved.**

A different situation obtains with respect to the remaining 17 cases.[5] In these, plaintiffs claim to have identified case specific claims that survive the Court's Opinion and that, if those

[5] The 17 are the 15 listed *supra* in footnote one, plus *Cannon*, Fed. Cl. No. 02-61 T, and *Wyckoff*, Fed. Cl. No. 02-772 T, *see Mot.* [Doc. #89] at 2 n.2.

claims are considered and resolved in favor of the plaintiffs, would require judgment or partial judgment in their favor. These unresolved claims, plaintiffs say, depend on partner specific facts (most commonly, e.g., whether the IRS timely assessed tax against a partner *after* the completion of partnership level proceedings) and therefore are appropriately litigated at the partner level. Based on these representations, defendant does not object to vacating judgments in the 17 cases for the sole and limited purpose of permitting plaintiffs to pursue any unresolved partner level claims that may exist.[6]

Vacating the 17 judgments is consistent with RCFC 54(b). In pertinent part, that rule provides, "In the absence of [an express determination that there is no just reason for delay and upon an express direction for the entry of judgment], any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims . . . ." If plaintiffs are correct that the Court's Opinion did not resolve all claims in the 17 cases and that any case specific claims that may exist could lead to judgments in their favor, then, under RCFC 54(b), it could be argued that the judgments, which are entered pursuant to the Court's Opinion, did not terminate those cases.

Vacating the 17 judgments is also consistent with the parties' understanding, as perceived by defendant, of the conduct of AMCOR litigation before the Court of Federal Claims. The parties have proceeded on the basis of the belief that, if one party did not prevail on its global arguments (the arguments a party believes impacts all or the vast majority of AMCOR cases),

[6] Defendant does not concede that all the claims alleged by plaintiffs in the 17 cases are actually presented, are appropriate for resolution at the partner level, or that, if they are, each partner has met the case specific jurisdictional requirements for having such claims adjudicated in this Court. Nevertheless, plaintiffs' allegations, at this stage, warrant further exploration to ensure that all claims in the 17 cases are resolved.

that party nevertheless would have an opportunity to identify issues specific to single cases or a subset of cases and thereby differentiate them from the cases in which loss of global arguments resolved the cases in their entirety and required the entry of judgment. The parties' understanding was most recently reflected, perhaps imprecisely, in the jointly filed chart ordered by the Court: "Some AMCOR cases or sub-groups thereof present non-global jurisdictional and/or other non-global non-merits based issues, for example, whether a refund claim was filed timely with the IRS, whether a taxpayer already reported and received a reduction in taxes for the very losses on which the taxpayer bases her refund suit, or whether IRS assessments were untimely." *Isler*, Fed. Cl. No. 01-344 T, *Chart* [Doc. #127] at 3.

It was, however, necessary first to resolve each party's global arguments, as the Court now has done in favor of defendant. The Court's resolution required judgments in 60 of the cases, and prompted plaintiffs to identify 17 cases in which unresolved claims allegedly remain. And with respect to these 17 cases, the Court's Opinion disposed of the refund claims shared with other AMCOR cases. (Moreover, the Court's Opinion disposed of refund claims in other AMCOR cases, as will be detailed in forthcoming joint status reports).[7]

Accordingly, defendant believes it is appropriate to vacate judgment in the 17 cases, to permit plaintiffs to pursue their alleged case specific partner level claims in each. Defendant

---

[7] Similarly, had the Court denied defendant's global arguments, defendant would have identified issues specific to single cases or a subset of cases that required judgment in favor of defendant, notwithstanding loss of global arguments. For example, as stated *supra*, 29 of the 77 cases are not alleged to involve settlements, rather the complaining partners remained parties before the Tax Court as to all issues. Because the Tax Court decisions unambiguously reject these partners' limitations defense and link their deductions to tax motivated transactions, defendant believes these partners have no generally applicable claim for refund. *See also Isler*, Fed. Cl. No. 01-344 T, *Tr*. [Doc. #122] at 10-11.

requests that any order vacating judgment explicitly state that the sole and limited purpose for the Court's action is to resolve any remaining case specific claims that may exist, that the Court is not reconsidering its Opinion [Doc. #87], and that the Opinion remains the law of each case. Regarding plaintiffs' further request that the 17 cases be stayed pending the *Keener* appeal, defendant concurs, as the Federal Circuit's resolution of the appeal may bear on the need to resolve the alleged case specific claims in these17 cases and correspondingly identify a different subset of cases to be addressed.

**IV. There is no basis to vacate judgments to enable a single consolidated appeal.**

At oral argument, plaintiffs' counsel resisted consolidation, consistent with the parties' views throughout the AMCOR litigation. *See Isler*, Fed. Cl. No. 01-344 T, *Tr.* [Doc. #122] at 173-175. Since the judgments in 60 unconsolidated cases are substantively correct, and judgment was therefore properly entered, the judgments should not be vacated (and certainly should not be vacated to effect the consolidation plaintiffs previously opposed).

Regarding the remaining 17 cases, in which defendant recommends vacating judgment, there is also no reason to consolidate for an appeal. Those cases are alleged to present unresolved case specific claims. If the Court vacates judgments, additional case specific litigation must occur, before any appeal of a final judgment would be taken.

**V. Conclusion**

For the foregoing reasons, the Court should deny plaintiffs' motion for reconsideration, deny in part plaintiffs' alternative request for relief by leaving 60 judgments undisturbed, and grant in part plaintiffs' alternative request to vacate judgments in 17 cases and staying those 17 cases pending the Federal Circuit's resolution of the *Keener* appeal (and/or any appeals in the 60 cases). As noted *supra*, defendant requests that any order vacating a judgment explicitly state that the sole and limited purpose for the Court's action is to resolve any remaining case specific claims that may exist, that the Court is not reconsidering its Opinion [Doc. #87], and that the Opinion remains the law of each case.

Respectfully submitted,

s/Bart D. Jeffress
BART D. JEFFRESS
*Attorney of Record*
*U.S. Department of Justice, Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496
(202) 514-9440 (fax)

NATHAN J. HOCHMAN
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/Steven I. Frahm
Of Counsel

May 13, 2007