IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RONALD C. PRATI and | § | |
| MARY G. PRATI | § | |
| Plaintiffs, | § | |
| | § | DOCKET NO. 02-60T |
| | § | |
| vs. | § | Judge Block |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR RECONSIDERATION**

On May 13, 2008, the United States filed its Response to Motion for Reconsideration opposing the Plaintiffs' efforts to reach the very procedural stance that the United States previously requested and purportedly obtained from this Court.

There are scores of related AMCOR cases before this Court. The parties agreed long ago to select representative cases and stay the others until a *final* decision was entered in the applicable representative cases. Attached are two joint motions to suspend filed in two representative cases of the 76 cases dismissed pursuant to the Court's opinion at *Prati v. U.S.*, --- Fed.Cl. ----, 2008 WL 1777380. See Exhibit "A" is the joint motion filed by the United States in *Chapman* (Fed.Cl. 05-1225, Document No. 5) in which the United States represented to this Court that "[o]rders were entered in these [listed AMCOR related] cases directing the suspension of proceedings pending a *final* decision in the representative cases." Emphasis added. The United States then requested that the proceedings in that cases "be suspended pending a *final* decision in *Isler*, *Scuteri*, *Keener*, and *Smith*." Emphasis added. The United States' request was granted on January 23, 2006, by an order (Document No. 6, see Exhibit "B") stating "Pending is the parties' January 20, 2006 joint motion for suspension of proceedings pending a *final* decision in four related cases. The motion is granted."

Emphasis added. Similarly, on January 20, 2006, the United States filed a joint motion to suspend in *Vallari* (Fed.Cl. 06-761, Document No. 5) stating that "the parties request that proceedings be suspended pending a *final* decision in *Isler*, *Scuteri*, *Prati*, *Keener*, and *Smith*, and final appellate action in *Hinck*." See Exhibit "C". Emphasis added. The United States' request was granted by order of the Court on January 26, 2007 (Document No. 6).

As represented to this Court in scores of cases, it was never the intent of the parties to undertake massive numbers of redundant and repetitive appeals. Instead, the parties sought the efficient administration of justice by staying the non-representative cases until a *final* decision, including any appellate review and determinations by the United States Supreme Court, as applicable.

In their motion for reconsideration the Plaintiffs primarily request that the Court reconsider, for the reasons stated therein, its holdings in its opinion. The first alternative relief requested by the Plaintiffs is that this Court vacate all 77 judgments, including in the case at bar, and stay the cases until the final outcome in the appeal of *Keener v. U.S.*, 76 Fed.Cl. 455 (2007), currently pending before the Federal Circuit (Docket No. 2008-5004). If this first alternative relief is granted then the parties, including the United States, will be in the same procedural stance they all previously sought in their multiple motions to suspend. The Plaintiffs are not seeking any unanticipated benefit by that request. If the United States ultimately prevails in *Keener* then the 77 judgments can be re-entered. If the taxpayers ultimately prevail in *Keener* then all parties will have avoided 77 unnecessary appeals.

The second alternative relief sought by the Plaintiffs is that this Court vacate the other 76 judgments, consolidate those cases under the case at bar, re-enter the 76 judgments and then allow the taxpayers to proceed as a single appeal. If this second alternative relief is granted then the

parties, including the United States, will again be in the same procedural stance they all previously sought in their multiple motions to suspend. Again, the Plaintiffs are not seeking any unanticipated benefit by that request. If the United States ultimately prevails in *Keener* then the appeal in the case at bar becomes moot and all 77 judgments can be re-entered. If the taxpayers ultimately prevail in *Keener* then the Federal Circuit will have had to deal with only one unnecessary appeal instead of 77.

The United States is correct that the Plaintiffs previously opposed the consolidation of the AMCOR cases. But the United States fails to inform the Court that the Plaintiffs' opposition was based on the representations of the United States and this Court, via its orders, that the relevant cases would be stayed pending the *final* outcome of the representative cases. Plaintiffs opposition to consolidation was also based on the desire to save the Court and the parties from having to deal with multiple individual issues, some or all of which, depending on the outcome of the *Keener* appeal, may ultimately become moot.

Plaintiffs have always sought to manage these cases in the most administratively efficient way possible so as to conserve the resources of the Court and all the parties. Further, none of the AMCOR partners who have successfully prevailed against the United States in substantively similar cases[1] have sought to recover their costs from the United States. If the applicable AMCOR partners are forced to undertake 77 separate appeals then, should they ultimately prevail on one or more issues as they did in the Fifth Circuit, they will all seek to recover their fees and costs from the United States, including over $35,000.00 in appellate filing fees.

---

1 *Weiner v. U.S.*, 389 F.3d 152 (5th Cir. 2004) (AMCOR partners Weiner and Kraemer); *Mellina v. U.S.*, 518 F.Supp.2d 825 (N.D.Tex 2007).

Respectfully,

/s/ Thomas E. Redding

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Sallie W. Gladney
Texas State Bar No. 00787546
Teresa J. Womack
Texas State Bar No. 00788707
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)