IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-60 T
Judge Lawrence J. Block

RONALD C. PRATI and MARY G. PRATI,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

RESPONSE TO PLAINTIFFS' REPLY [DOC. #91-2]

On May 13, 2008, defendant filed a Response [Doc. #90] to plaintiffs' motion for reconsideration [Doc. #89]. In our response, we supported the Court's determination that it lacked jurisdiction over plaintiffs' suits, and we also maintained that the Court should not vacate the resulting judgments in 60 of the cases. Plaintiffs now claim that defendant's opposition to vacating 60 judgments contradicts our earlier representations to the Court. As this is an unfounded charge, defendant submits the following:

When representative AMCOR cases were selected, the parties proposed that the Court rule on the representative cases and then, after holding a status conference, apply those trial rulings to resolve the other cases. *See e.g. Joint Notices* [Docs. ##14 (at pp. 8-9) & 17]. There was no advance agreement or understanding that the Court would delay resolving the other cases, if a party appealed a judgment in a representative case. There certainly has been no agreement that the Court should undo a judgment, validly entered on the basis of a decision in a

representative case.

Plaintiffs, however, now attempt to rewrite history, and claim defendant's opposition is contradicted by language the parties have used in their filings and that this language justifies vacating 60 judgments. In particular, plaintiffs point to motions in which the parties requested a stay of AMCOR cases "pending a final decision in [representative cases]." According to plaintiffs, this reflects an agreement that non-representative cases should remain stayed pending not only trial level disposition of representative cases, but also through final appellate action, including any review by the United States Supreme Court.

The parties' filings, however, reveal that their use of the phrase "final decision" refers to final action in this Court, and does not refer to appellate action. To defendant's knowledge, in those instances in which the parties sought a further stay, *before judgment had been entered*, pending an appellate decision on a representative case, they carefully used a different phrase, "final appellate action." For example, this distinction is present in a status report from which plaintiffs themselves quote. Attached to plaintiffs' reply as Exhibit C is a joint suspension and transfer motion filed by the parties in *Vallari*, Fed. Cl. No. 06-761, wherein the parties distinguished between seeking a trial level stay pending "a final decision in [representative cases pending at trial level]," and seeking a stay while a representative case was on appeal pending "final appellate action."

Similarly, this joint understanding of "final decision" versus "final appellate action" is reflected in other joint filings. For example, in *Wood*, Fed. Cl. No. 02-56 T, the parties asked the Court for a stay "until final decisions are entered in *Isler*, *Scuteri*, and *Prati*," *Wood, Joint Notice* [Doc. #16] at 2, the Court granted the request and ordered counsel "immediately to advise the

court when final decisions are rendered in the representative cases," *Wood*, *Order* [Doc. #17], and the parties complied after the Court issued its opinion and order in this case, *see Wood*, *JSR* [Doc. #28].

When this Court entered its "final decision" in *Prati*, it properly applied that decision and entered judgment in 59 other cases. There was no agreement among the parties (and certainly the Court had not agreed) to delay the entry of judgments, and defendant has not contradicted the parties' previous representations to the Court. To be sure, the parties had proposed the Court hold a status conference prior to applying *Prati* to the other 59 cases, and, had the Court wished to do so, defendant would have joined plaintiffs in proposing continued stays in the 59 cases, pending final appellate action in *Keener* and/or *Prati*. Nevertheless, the Court correctly perceived that its ruling entitled defendant to judgment in *Prati* and 59 other cases. And, now that judgments have been properly entered, there must be a valid reason to disturb them. Plaintiffs offer none.

They are essentially complaining that an appeal from this Court's judgments will require the payment of substantial filing fees. When they filed their separate complaints in this Court, plaintiffs paid substantial fees. If they now wish to appeal the judgments against them, there is no reason to believe that appellate filing fees are any less appropriate.

Respectfully submitted,

s/Bart D. Jeffress
BART D. JEFFRESS
*Attorney of Record*
*U.S. Department of Justice, Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496
(202) 514-9440 (fax)

NATHAN J. HOCHMAN
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/Steven I. Frahm
Of Counsel

May 21, 2008