IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RONALD C. PRATI and | § | |
| MARY G. PRATI | § | |
| Plaintiffs, | § | |
| | § | DOCKET NO. 02-60T |
| | § | |
| vs. | § | Judge Block |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**MOTION FOR CLARIFICATION**
**OF ORDER AND OPINION DATED JULY 1, 2008**

As part of its Order and Opinion [Document No. 95] dated July 1, 2008 the Court stated that "Plaintiffs' counsel is **ORDERED** to show cause by August 4, 2008 why the decisions in *Dhillon* (02-1477) and *Johnson* (04-908) should be vacated." [Document No. 95, p. 8] But according to the Pacer/CM/ECF system the Court has already vacated the *Dhillon* and *Johnson* decisions pursuant to its July 1, 2008 Order and Opinion. Plaintiffs believe that the Court intended to vacate the *Cannon* (02-61) and *Wyckoff* (02-772) decisions but erroneously vacated the *Dhillon* and *Johnson* decisions instead. Therefore, the Plaintiffs respectfully ask the Court to clarify which cases are subject to the show cause deadline of August 4, 2008, and, if it was the Court's intent in its July 1, 2998 Order and Opinion, to vacate the *Cannon* and *Wyckoff* decisions. For cause, plaintiffs would show:

In its July 1, 2008 Order and Opinion the Court stated

> Furthermore, on May 2, 2008, plaintiffs did indeed file separate motions to vacate—not four of them, but 15. //FN3// In each of the 15 cases, plaintiffs claim that partner-specific claims remain unresolved, and that the judgment should be vacated so that plaintiffs might pursue a judgment on matters not covered by the *Prati* opinion. … To add to this Gordian Knot of confusion, the 15 named cases no longer included *Cannon* and *Wyckoff*—two of the four cases in which plaintiffs' counsel had originally represented that they would include in the individual motions to vacate. ….
>
> FN 3 The 15 cases in which motions to vacate were filed are: Arumugam, Velusami (02-1395); Barry, Ira (03-200); Belair,

> Laurence (07-588); Boland, John (06-859); Corkill, Glen (07-147); Dhillon, Charanjit (02-1477); Dvoranchik, William (07-231); Donaldson, Robert (03-2875); Dykstra, Donald (07-309); Feldman, Merrill (07-224); Fillmore Equipment (07-341); Fournier, E. Haffner (06-933); Johnson, Stanley (04-908); Martin, Robert (03-2272); Northcutt, Merline (06-860). Despite their initial assertion in the motion for reconsideration, plaintiffs' counsel did not file motions to vacate in Cannon, Nassif, Jr. (02-61) or Wycoff, E. Lisk, Jr. (02-772). However, defendant conceded that there may be unresolved issues in those two cases, and does not object to the Court vacating the decisions in those two cases in order to determine if unresolved issues indeed remain outstanding.

… Nevertheless, in its response, defendant did not object to vacating judgment in 17 cases (the 15, plus *Cannon* and *Wycoff*) [*sic*] because it admitted that there are apparently still-unresolved claims in those cases. ….

To clarify matters and hopefully avoid further confusion, the Court conducted a recorded status conference by telephone on May 21, 2008. At the status conference, defendant, despite having previously stipulated to vacating the judgments in cases that apparently contained additional non-jurisdictional issues, raised an objection to vacating the judgments in two, *Dhillon* (02-1477) and *Johnson* (04-908), that plaintiffs sought to vacate. …. Defendant stated that although it did not originally object to the vacating of the judgments in these two cases, after further review, defendant now believes that all the issues in these two cases were fully covered by *Prati*. ….

…. The parties agreed that one possible solution is to vacate the judgment in 15 cases—the 15 cases in which motions to vacate were filed, minus *Dhillon* (02-1477) and *Johnson* (04-908), plus *Cannon* (02-61) and *Wyckoff* (02-772). Further, plaintiffs would also respond to an "order to show cause" why *Dhillon* and *Johnson* should be vacated, and defendant would have an opportunity to reply. ….

. . . .

…the new information provided to the Court regarding the 17 cases meets the burden plaintiffs must show in a motion to vacate. …. To deny the motions, given the new information provided to the Court, would be manifestly unjust. ….

## III. CONCLUSION

… the Court directs the following:

. . . .

> 4) … the judgments in the 15 cases listed in footnote 4 [*sic*] of this Order are **VACATED** for the limited purpose of allowing plaintiffs to pursue any unresolved, case-specific claims that may still be outstanding.
>
> 5) Plaintiffs' counsel is **ORDERED** to show cause by August 4, 2008 why the decisions in *Dhillon* (02-1477) and *Johnson* (04-908) should be vacated.
>
> 6) Defendant's counsel is **ORDERED** to respond by August 18, 2008 to plaintiffs' show cause brief. No other briefing with regard to *Dhillon* (02-1477) and *Johnson* (04-908) shall be filed by either party after defendant's August 18 response.
>
> [Document No. 95 pp. 3, 4, 8-9]

Footnote 3 of the Order and Opinion[1] lists 13 cases plus *Dhillon*, *Johnson*, *Cannon*, and *Wyckoff*. It was the Plaintiffs' understanding that the Court would vacate the 13 cases plus *Cannon* and *Wyckoff* and that Plaintiffs' counsel would then show cause why *Dhillon* and *Johnson* should be vacated. However, the Pacer/CM/ECF system shows that the Court vacated the 13 cases plus *Dhillon* and *Johnson*, but not *Cannon* and *Wyckoff*.

Plaintiffs' counsel is unsure i) whether to respond to the Court's order to show cause why the *Dhillon* and *Johnson* decisions should be vacated when those decisions have already been vacated, and ii) whether the Court intended that he respond instead regarding the *Cannon*, and *Wyckoff* decisions.

WHEREFORE, Plaintiffs respectfully ask the Court to clarify which cases are subject to the show cause deadline of August 4, 2008, and, if it was the Court's intent in its July 1, 2998 Order and Opinion, to vacate the *Cannon* (02-61) and *Wyckoff* (02-772) decisions.

---

[1] There is no footnote 4 in the Order and Opinion. Plaintiffs' counsel assumes that the Court was referring to footnote 3.

Respectfully submitted,

/s/ Thomas E. Redding

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Sallie W. Gladney
Texas State Bar No. 00787546
Teresa J. Womack
Texas State Bar No. 00788707
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)