# In the United States Court of Federal Claims

No. 02-60 T

July 31, 2008

___

| | |
|---|---|
| **RONALD C. & MARY G. PRATI,** | RCFC 42, 59; Motion for |
| *Plaintiffs*, | Reconsideration; Motion to |
| | Vacate Judgment; Consolidation |
| v. | |
| **THE UNITED STATES OF AMERICA,** | |
| *Defendant.* | |

___

*Thomas E. Redding* and *Teresa J. Womack*, Redding & Associates P.C., Houston, Texas, for plaintiffs.

*Bart D. Jeffries*, United States Department of Justice, Tax Division, Washington, D.C., with whom was Assistant Attorney General *Eileen J. O'Connor*, for defendant.

## AMENDED ORDER AND OPINION

### I. INTRODUCTION

Plaintiffs move under Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), for reconsideration of this Court's April 16, 2008 opinion in *Prati v. United States*, 81 Fed. Cl. 422 (2008), dismissing the claims of plaintiffs Ronald C. and Mary G. Prati and 76 other similar AMCOR cases for lack of subject matter jurisdiction. Pls.'s Mot. for Reconsideration, April 30, 2008 [Docket #89]. At the May 2, 2007 oral argument on the defendant's motion to dismiss and the parties' cross-motions for summary judgment, the parties requested that the Court first resolve the jurisdictional issues arising in the AMCOR tax partnership cases and that for such a purpose *Prati* should serve as a representative case. Tr. of Oral Argument, *Isler v. United States*, No. 01-344, May 2, 2007, at 173-79 [Docket #122]. According to the parties in their jointly-proffered chart identifying which AMCOR cases had what issues, there appeared to be 76 other AMCOR cases that shared similar jurisdictional issues as *Prati*. For efficiency sake, these cases were treated together—although never formally consolidated or combined—for the limited purpose

of addressing the common legal issues in the pending motions. Supplemental Joint Chart, *Isler v. United States*, No. 01-344 [Docket #127]. Accordingly, the *Prati* decision applies to 77 of the 124 AMCOR cases pending before this judge[1] and, therefore, the motion for reconsideration applies to the 77 as well.[2]

In the present motion, as an alternative, plaintiffs also request that the judgment be vacated for all 77 cases covered by the *Prati* opinion and either: (1) all the cases be stayed pending the resolution by the Federal Circuit of the jurisdictional issues in *Keener v. United States*, 76 Fed.

---

[1] The 76 other cases covered by the *Prati* opinion are: Acker, Nadine (07-215); Adams, Samuel (07-162); Arumugam, Velusami (02-1395); Aylward, Thomas (06-593); Baer, Maurice (06-857); Barry, Ira (03-200); Belair, Laurence (07-588); Berman, Robert (06-856); Boland, John (06-859); Brady, Robert (07-315); Caldwell, Bruce (07-548); Cannon, Nassif, Jr. (02-61); Casamento, Stephen (06-698); Chapman, Bill (05-1225); Clinton, Tommy (04-116); Connell, Thomas (07-62); Corkill, Glen (07-147); Cox, Dean (04-709); Crocker, Jesse (04-903); Crouse, Betty (07-894); Davidson, Arthur (07-196); Davis, Charles (06-624); Davis, Robert (06-697); Davison, Robert (04-1112); Deegan, Edward (06-594); Dhillon, Charanjit (02-1477); Dvoranchik, William (07-231); Donaldson, Robert (03-2875); Dow, Ruth (06-746); Dykstra, Donald (07-309); Ehrenbard, Robert (03-1559); Fazio, Anthony (07-163); Feldman, Merrill (07-224); Fillmore Equipment (07-341); Fournier, E. Haffner (06-933); Gilbertson, Robert (05-934); Goldman, Elise (04-123); Gregory, Jane (06-578); Hackett, James III (05-758); Hastie, J. Drayton (04-291); Hatton, Richard (04-127); Huguera, Teodoro (07-381); Iannacchino, Michael (06-817); Johnson, Richard (03-2339); Johnson, Stanley (04-908); Jones, Palmer (03-2229); Jones, Thomas, Jr. (02-1079); Keefe, Joseph (07-893); Key, Scott (06-293); Lloyd, James (06-623); Ludwig, Gordon (02-1730); Lyons, Edward, Jr. (06-391); Lynn, Nancy (07-564); Marshall, Larry (02-474); Martin, Robert (03-2272); Miller, Edward (05-508); Mitchell, Lewis (07-587); Montgomery, William (03-2273); Moody, Robert (06-752); Morris, John (07-405); Northcutt, Merline (06-860); Oehlschlager, Keith (05-1144); Oldshue, Jerry (06-696); Sadd, William (05-25); Schuler, John (02-432); Sperling, Stanley (02-1523); Strauss, Joseph (06-823); Tanner, Larry (04-1066); Thompson, Richard (06-792); Ungs, Jerome (06-137); Vallari, Stephen (06-761); Vigliotta, John (02-13); Voda, Jan (06-818); Whitaker, Lloyd (02-795); Winternitz, William (01-404); Wyckoff, E. Lisk, Jr. (02-772).

[2] For efficiency, plaintiffs requested that the motion for reconsideration filed in *Prati* apply to all 77 cases covered by the *Prati* opinion. On June 6, 2008, the Court granted that request. Order Deeming Mot. for Reconsideration to Have Been Filed in 76 Other Cases, June 6, 2008 [Docket #93].

Subsequently, on June 18, 2008, plaintiffs individually filed identical motions styled, "Motion to Perfect the Record," in 74 of the 77 *Prati* cases. These motions seek recognition that plaintiffs' motion for reconsideration and the Court's June 6 Order are deemed filed in each of the *Prati* cases. These motions were, of course, unnecessary given the June 6 Order. Additionally, there is no such motion called a "Motion to Perfect the Record," as evidenced by plaintiffs filing their motions in the electronic case filing (ECF) system as a motion to supplement the administrative record, even though *Prati* and its brethren are not administrative record cases.

Cl. 455 (2007), *appeal docketed*, 2008-5004 (Fed. Cir. Oct. 19, 2007), or (2) the other 76 cases be consolidated under *Prati*, the judgments be re-entered, and the cases proceed as a single appeal. Pls.'s Mot. for Reconsideration, April 30, 2008, at 2 [Docket #89].

In footnote 2 of the plaintiffs' reconsideration motion, plaintiffs' counsel represented that they would file at least four separate motions to vacate in cases covered by the *Prati* opinion because these cases had additional issues left unresolved by that decision. *Id*. Specifically, plaintiffs' counsel identified *Belair* (07-1295), *Boland* (06-859), *Cannon* (02-61), and *Wyckoff* (02-772) as being incorrectly grouped with *Prati* (this despite the fact that the Court relied on the parties' representations that all the 76 cases covered by *Prati*—including these four—contained only the relevant jurisdictional issues). Supplemental Joint Chart, *Isler v. United States*, No. 01-344 [Docket #127].

Furthermore, on May 2, 2008, plaintiffs did indeed file separate motions to vacate—not four of them, but 15.[3] In each of the 15 cases, plaintiffs claim that partner-specific claims remain unresolved, and that the judgment should be vacated so that plaintiffs might pursue a judgment on matters not covered by the *Prati* opinion. *See, e.g.*, *Arumgam v. United States*, No. 02-1395 [Docket #19], at 3. To add to this Gordian Knot of confusion, the 15 named cases no longer included *Cannon* and *Wyckoff*—two of the four cases in which plaintiffs' counsel had originally represented that they would include in the individual motions to vacate. Pls.' Mot. for Reconsideration at 2.

As expected, defendant opposed the motion for reconsideration. Def.'s Resp. to Mot. for Reconsideration, May 13, 2008 [Docket #90]. Nevertheless, in its response, defendant did not object to vacating judgment in 17 cases (the 15, plus *Cannon* and *Wycoff*) because it admitted that there are apparently still-unresolved claims in those cases. *Id*. at 6-8.

To clarify matters and hopefully avoid further confusion, the Court conducted a recorded status conference by telephone on May 21, 2008. At the status conference, defendant, despite having previously stipulated to vacating the judgments in cases that apparently contained additional non-jurisdictional issues, raised an objection to vacating the judgments in two, *Dhillon* (02-1477) and *Johnson* (04-908), that plaintiffs sought to vacate. Status Conference Tr. at 13. Defendant stated that although it did not originally object to the vacating of the judgments in these two cases, after

---

[3] The 15 cases in which motions to vacate were filed are: Arumugam, Velusami (02-1395); Barry, Ira (03-200); Belair, Laurence (07-588); Boland, John (06-859); Corkill, Glen (07-147); Dhillon, Charanjit (02-1477); Dvoranchik, William (07-231); Donaldson, Robert (03-2875); Dykstra, Donald (07-309); Feldman, Merrill (07-224); Fillmore Equipment (07-341); Fournier, E. Haffner (06-933); Johnson, Stanley (04-908); Martin, Robert (03-2272); Northcutt, Merline (06-860). Despite their initial assertion in the motion for reconsideration, plaintiffs' counsel did not file motions to vacate in Cannon, Nassif, Jr. (02-61) or Wycoff, E. Lisk, Jr. (02-772). However, defendant conceded that there may be unresolved issues in those two cases, and does not object to the Court vacating the decisions in those two cases in order to determine if unresolved issues indeed remain outstanding.

further review, defendant now believes that all the issues in these two cases were fully covered by *Prati*. *Id.*

Plaintiffs disagreed with defendant's contention that the issues in *Dhillion* and *Johnson* were covered by *Prati*, and when asked about the status of *Cannon* and *Wyckoff*, plaintiffs maintained that these cases may also have additional non-jurisdictional issues, but admitted that it was very possible that the additional issues were no longer legally viable. Status Conference Tr. at 15-17. The parties agreed that one possible solution is to vacate the judgment in 15 cases—the 15 cases in which motions to vacate were filed, minus *Dhillon* (02-1477) and *Johnson* (04-908), plus *Cannon* (02-61) and *Wyckoff* (02-772). Further, plaintiffs would also respond to an "order to show cause" why *Dhillon* and *Johnson* should be vacated, and defendant would have an opportunity to reply. Status Conference Tr. at 18.

Finally, at the status conference, plaintiffs renewed their prior motion for reconsideration for all cases covered by the *Prati* opinion and their motions to vacate the judgment in all 15 of the aforementioned cases that allegedly contain additional non-jurisdictional issues. In the alternative, if the Court denies the reconsideration motion, plaintiffs asked that, in order to avoid the administrative costs of separate appeals for each judgment in those cases covered by *Prati*, the Court temporarily vacate the judgment in order to allow the consolidation of these cases for appeal of the jurisdictional issues, whereupon judgment can be re-entered upon consolidation. Status Conference Tr. at 21-23. Defendant vehemently disagreed with this approach. *Id.* at 23.

## II. DISCUSSION

### A.  Standard for a Motion for Reconsideration

RCFC 59(a) provides that this Court may grant a "new trial or rehearing or reconsideration . . . to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." It is well recognized that the decision whether to grant reconsideration lies within the discretion of the trial court. *Parsons ex rel. Linmar Prop. Mgmt. Trust v. United States*, 174 Fed. App'x. 561, 562 (Fed. Cir.), *cert. denied*, 127 S. Ct. 323 (2006); *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990); *see also Keeton Corrections, Inc. v. United States*, 60 Fed. Cl. 251, 253 (2004); *Paalan v. United States*, 58 Fed. Cl. 99, 105 (2003). However, this discretion is bounded by the requirement that a court must address reconsideration motions with "exceptional care." *Seldovia Native Ass'n, Inc. v. United States*, 36 Fed. Cl. 593, 594 (1996) (quoting *Carter v. United States*, 518 F.2d 1199 (Ct. Cl. 1975)), *aff'd*, 144 F.3d 769 (Fed. Cir. 1998); *Henderson County Drainage Dist. No. 3 v. United States*, 55 Fed. Cl. 334, 337 (2003).

Indeed, to prevail, a motion for reconsideration must be based "upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000); *see also Six v. United States*, 80 Fed. Cl. 694 (2008); *Pacific Gas & Elec. Co. v.*

*United States*, 58 Fed. Cl. 1, 2 (2003); *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002), *aff'd*, 384 F.3d 1368 (Fed. Cir. 2004).  Moreover, the movant must also show that:  (a) an intervening change in the controlling law has occurred; (b) evidence not previously available has become available; or, (c) that the motion is necessary to prevent manifest injustice.  *See Bishop v. United States*, 26 Ct. Cl. 281, 286 (1992) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)); *see also Int'l Air Response, Inc. v. United States*, 81 Fed. Cl. 364, 366 (2008); *Bannum, Inc. v. United States*, 59 Fed. Cl. 241, 243 (2003); *Citizen Fed. Bank, FSB v. United States*, 53 Fed. Cl. 793, 794 (2002).  "A court, therefore, will not grant a motion for reconsideration if the movant merely reasserts . . . arguments previously made . . . all of which were carefully considered by the court."  *Ammex, Inc. v. United States*, 52 Fed. Cl. at 557 (internal quotation marks omitted).

**B.**     **The Motion for Reconsideration**

Turning first to the motion for reconsideration covering all 77 cases under the *Prati* opinion, plaintiffs have failed to meet their burden for reconsideration.

Plaintiffs argue in their motion that the Court erred in its description of TEFRA and should therefore correct "certain statements in its *Prati* opinion that are incorrect as a matter of law so that it does not contribute to the confusion already existing as to TEFRA."  Pls.' Mot. for Reconsideration at 3.  Plaintiffs next present an argument about their tax settlement agreements with the government, insisting that the settlement agreements were "comprehensive," and thus changed the Pratis' partnership items to non-partnership items.  *Id*. at 7-13.  Plaintiffs then contend that the *Prati* decision is inconsistent with *McGann v. United States*, 76 Fed. Cl. 745 (2007) ("*McGann I*"), and *McGann v. United States*, 81 Fed. Cl. 642 (2008) ("*McGann II*"), and thus should be reconsidered and reversed.  Pls.' Mot. for Reconsideration at 13.  Finally, plaintiffs repeat fully-briefed arguments regarding tax-motivated interest, seeking a reversal of the Court's holding regarding jurisdiction.  *Id*. at 14-20.

With regard to plaintiffs' TEFRA challenge, the Court notes that even if it did mischaracterize TEFRA, the alleged mischaracterization simply did not have any effect on the outcome of the case.  *See A.A.B. Joint Venture v. United States*, 77 Fed. Cl. 702, 707 (2007) (no reconsideration under RCFC 59 where error, if any, is harmless).  The alleged mischaracterization was part of a description of TEFRA, the relevant statutory framework, not a mistake with regard to any specific factual determinations or legal conclusions.  Most notably, however, is the fact that the Court's characterization of TEFRA is factually accurate, and comports with similar descriptions of TEFRA made not just by this Court previously, but with descriptions written by the Federal Circuit, the Second Circuit, the Fifth Circuit, the Seventh Circuit, and the Eighth Circuit, just to name a few.  *See, e.g.*, *RJT Invs. X v. Comm'r of Internal Revenue*, 491 F.3d 732, 735–37 (8th Cir. 2007); *Weiner v. United States*, 389 F.3d 152, 154–55 (5th Cir. 2004); *Chimblo v. Comm'r of Internal Revenue*, 177 F.3d 119, 120–21 (2d Cir. 1999); *Olson v. United States*, 172 F.3d 1311, 1316–18 (Fed. Cir. 1999);

*Kaplan v. United States*, 133 F.3d 469, 471–72 (7th Cir. 1998); *Keener v. United States*, 76 Fed. Cl. 455, 457–59 (2007).

Plaintiffs' other grounds for its motion for reconsideration are similarly without merit. Plaintiffs' arguments regarding the comprehensive nature of their tax settlement agreements with the government are repeated arguments that have already been raised and fully considered. Pls.' Br. in Support of Resp. in Opp. at 15–20 [Docket #74]. Plaintiffs' arguments referencing *McGann I* are also arguments that have been previously raised and considered by this Court. Pls.' Post Trial Br. at 16–20 [Docket #85]. And although *McGann II* was issued after the decision in *Prati*, the decision in *McGann II* was based on arguments considered by this Court previously, and thus does not provide anything new. Finally, plaintiffs' various arguments asking the Court to reconsider its decision regarding jurisdiction over tax-motivated interest are also arguments that have been fully briefed and adjudicated. Pls.' Br. in Support of Resp. in Opp. at 7–8, 30–32 [Docket #74]; Def.'s Reply at 3–5 [Docket #78].

In sum, plaintiffs' motion for reconsideration is comprised of arguments already decided by the Court. These arguments are precisely the type that Rule 59 reconsideration must avoid. RCFC 59. It should be stressed that a motion for reconsideration is not a forum in which a losing party may re-argue its case. *Fru-Con Constr. Corp.*, 44 Fed. Cl. at 300. Ultimately, plaintiffs did not identify an intervening change in the controlling law, bring forth new evidence that was shown to be previously unavailable, nor did they show in their motion that reconsideration is necessary to prevent manifest injustice. *See Bishop*, 26 Ct. Cl. at 286. Plaintiffs have failed their burden by not demonstrating any error of law nor mistake of fact. Without such demonstrations, or by showing other similar concerns, the demands of justice, far from favoring plaintiffs, favor the defendant.

In the alternative, as stated, plaintiffs seek to vacate judgment in the 77 cases and stay them pending the outcome of the Federal Circuit's decision in *Keener*, or to consolidate the remaining 76 cases for appeal. Plaintiffs request the stay "to preserve the resources of all parties and the courts" and to prevent "fundamental unfairness." Pls.' Mot. for Reconsideration, April 30, 2008, at 21 [Docket #89].

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants," and is left to the sound discretion of the trial court. *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a stay pending the outcome of another case, the court (1) considers whether there is a "pressing need for the stay," and (2) balances the "interests favoring a stay against interests frustrated by the action." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).

In *Cherokee Nation*, the Federal Circuit held that the desire to "avoid duplicative litigation and conserve judicial resources" was insufficient, by itself, to warrant a stay. *Id.* at 1416. Here, the *Prati* cases have been adjudicated and are ripe for review on the jurisdictional issue and, unlike a stay pending an interlocutory or administrative appeal, concerns about resources and judicial

economy are not as relevant. Additionally, the balance of the interests weighs against a stay because there is no hardship or inequity to plaintiffs in forcing them to go ahead with their appeals. Moreover, additional AMCOR jurisdictional cases could benefit the Federal Circuit: If the issues are sufficiently similar, the Federal Circuit could consolidate these *Prati* appeals with *Keener* and reach a single decision with all the relevant cases before the court. Finally, public policy favors "expeditious resolution of litigation." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989). Accordingly, the fact that a companion case is up on appeal is not dispositive of whether the *Prati* cases should be stayed pending its resolution and plaintiffs request is denied.

Finally, plaintiffs request that if the Court will not reconsider or stay the cases, the 76 cases should all be consolidated under *Prati* for purposes of appeal. Plaintiffs make this request under RCFC 42(a), which provides that, "[w]hen actions involving a common question of law or fact are pending before the court, . . . it may order all the actions consolidated . . . ." *See* Pls.' Mot. for Reconsideration, April 30, 2008, at 22 [Docket #89]; *see also d'Abrera v. United States*, 78 Fed. Cl. 51 (2007); *Cienega Gardens v. United States*, 62 Fed. Cl. 28, 33 (2004); *Karuk Tribe of California v. United States*, 27 Fed. Cl. 429, 433 (1993). Because judgment has already been entered in the cases, however, there is no longer any question of law or fact pending before the Court.

Plaintiffs therefore actually request that the Court vacate judgment in the 77 cases, consolidate them under RCFC 42(a), and, finally, re-enter judgment as one consolidated case. All of this so that plaintiffs' appeal may proceed as one case, not 77. As discussed above, plaintiffs do not meet the grounds required by RCFC 59 to vacate judgment. Consequently, the only ground left to plaintiffs is the monetary convenience gained by filing only one appeal. *See* Pls.' Mot. for Reconsideration, April 30, 2008, at 23 [Docket #89]; Status Conference Tr. at 34, 35; *see also* Fed. Cir. R. 52(a)(3)(A) (setting filing costs at $450 per appeal). Undoubtedly, filing one consolidated appeal is cheaper and quicker than filing 77 individual ones, but administrative convenience is insufficient to justify vacating the judgment under RCFC 59. *See Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed. Cl. 27, 31 (2007).

While plaintiffs cannot seek consolidation once judgment has been entered, plaintiffs are not without a remedy in the Federal Circuit because plaintiffs can seek consolidation for appeal under the Federal Rules of Appellate Procedure, Rule 3. Moreover, if plaintiffs face financial hardships they can also apply to file their appeals *in forma pauperis*. 28 U.S.C. § 1915; Fed. Cir. Form 6; *cf. Texaco, Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1145 (2d Cir. 1986) (enforcement of a bond requirement for appeal, the posting of which would have caused appellant to go bankrupt, violated appellant's due process rights), *rev'd on other grounds*, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987).

**C.**     **The Fifteen Individual Motions to Vacate, Plus *Cannon* and *Wyckoff***

Turning to the 15 separate motions to vacate and the *Cannon* and *Wyckoff* cases, as observed, plaintiffs recently discovered, and defendant in part agrees, that at least 15 and as many as 17 cases

are not fully covered by *Prati* because they have case-specific claims that are not resolved by the jurisdictional determinations of the *Prati* opinion.[4] The Court again notes that it was counsel for both parties that advised the Court as to the confluence of the 17 cases with *Prati*. Specifically, on July 17, 2007, the parties jointly filed a chart identifying the various issues alleged in each AMCOR case before the Court. It was the jointly-submitted chart that identified the 77 factually similar cases, and it was the jointly-submitted chart that represented to the Court that the issues in the 17 cases would be conclusively addressed by the *Prati* lead case. Nothing in the jointly-submitted chart indicated to the Court that the 17 cases were factually distinct from the 60 other cases covered by the *Prati* opinion. Had the parties fully explained all the various claims alleged by all the AMCOR plaintiffs as requested by the Court in May 2007, the current confusion regarding the 17 cases would not exist.

Nevertheless, the new information provided to the Court in the motions to vacate and in the May 21 status conference requires the Court to vacate the decisions in at least 15 of the 17 cases for the limited purpose of permitting plaintiffs to pursue any unresolved case-specific claims that may still exist. The Court is not reconsidering its opinion in *Prati*—the opinion remains the law in each case. However, the new information provided to the Court regarding the 17 cases meets the burden plaintiffs must show in a motion to vacate. *Fru-Con Constr. Corp.*, 44 Fed. Cl. at 301. To deny the motions, given the new information provided to the Court, would be manifestly unjust. *Id.*

### III. CONCLUSION

Having carefully considered plaintiffs' motion for reconsideration, the 15 separate motions to vacate, as well as the parties' multiple representations made during the May 21, 2008 status conference, the Court directs the following:

1) Plaintiffs' May 19, 2008 Motion for Leave to File Reply [Docket #91] is **GRANTED**, and plaintiffs' Reply, filed along with the Motion for Leave, is accepted.

2) Defendant's May 21, 2008 Motion for Leave to File Response [Docket #92] is **GRANTED**, and defendant's Response, filed along with the Motion for Leave, is accepted.

3) The Motion for Reconsideration is **DENIED** in each of the 77 cases covered by the *Prati* opinion.

---

[4] The 15 cases in which final judgments will be vacated are: Arumugam, Velusami (02-1395); Barry, Ira (03-200); Belair, Laurence (07-588); Boland, John (06-859); Corkill, Glen (07-147); Dvoranchik, William (07-231); Donaldson, Robert (03-2875); Dykstra, Donald (07-309); Feldman, Merrill (07-224); Fillmore Equipment (07-341); Fournier, E. Haffner (06-933); Martin, Robert (03-2272); Northcutt, Merline (06-860); Cannon, Nassif Jr. (02-61) and Wycoff, E. Lisk Jr. (02-772). Because defendant objects to the motions to vacate in Dhillon, Charanjit (02-1477) and Johnson, Stanley (04-908), the Court will provide plaintiffs' counsel the opportunity to show cause as to why those decisions should be vacated as well.

- 9 -

      4)  In light of new information provided to the Court by the parties, the judgments in the 15 cases listed in footnote 4 of this Order are **VACATED** for the limited purpose of allowing plaintiffs to pursue any unresolved, case-specific claims that may still be outstanding.

      5)  Plaintiffs' counsel is **ORDERED** to show cause by August 4, 2008 why the decisions in *Dhillon* (02-1477) and *Johnson* (04-908) should be vacated.

      6)  Defendant's counsel is **ORDERED** to respond by August 18, 2008 to plaintiffs' show cause brief.  No other briefing with regard to *Dhillon* (02-1477) and *Johnson* (04-908) shall be filed by either party after defendant's August 18 response.

IT IS SO ORDERED.

                                                                                 s/ *Lawrence J. Block*

                                                                                   Lawrence J. Block
                                                                                    Judge