IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RONALD C. PRATI and<br>MARY G. PRATI<br>Plaintiffs, | §<br>§<br>§ | |
| | § | DOCKET NO. 02-60T |
| | § | |
| vs. | § | Judge Block |
| | § | |
| UNITED STATES OF AMERICA<br>Defendant. | §<br>§ | |

**RESPONSE TO THE COURT'S ORDER**
**TO SHOW CAUSE WHY 2 RELATED CASES SHOULD BE VACATED**

As part of its Amended Order and Opinion [Document No. 98] dated July 31, 2008 the Court stated that "Plaintiffs' counsel is **ORDERED** to show cause by August 4, 2008 why the decisions in *Dhillon* (02-1477) and *Johnson* (04-908) should be vacated." [Document No. 98, p. 9] In response the plaintiffs would show:

The complaints filed in *Dhillon* (02-1477) and *Johnson* (04-908) were dismissed pursuant to this Court's decision at *Prati v. United States*, 81 Fed.Cl. 422 (2008). *Prati* addressed three issues common to 77 AMCOR related cases then pending before this Court: whether (i) the IRS assessed after the §§6511(a)/6229(a) limitations period to assess had expired, (ii) imposition of the §6621(c) inflated rate of interest on the partners' resulting AMCOR related tax liabilities was improper, and (iii) all interest for a four year period should be abated under §6404. The United States Supreme Court has ruled that this Court does not have jurisdiction to address a refund claim attributable to §6404.[1] In *Prati* this Court held that this Court also lacks jurisdiction to address refunds attributable to the §§6511(a)/6229(a) assessment period and improper imposition of §6621(c) penalty interest.

---

1 *Hinck v. United States*, 127 S.Ct. 2011 (2007).

It is undisputed that the three issues in *Prati* are also present in both *Dhillon* (02-1477) and *Johnson* (04-908).

In *Dhillon* (02-1477) the plaintiffs raised an additional issue not present in *Prati*: whether the IRS was required to issue a statutory notice of deficiency before making the 1981 assessment. No deficiency notice was issued for 1981. In the explanation filed with their 1981 refund claim the plaintiffs there argued that the 1981 assessments were, therefore, invalid. At the time the plaintiffs there believed they had a basis to distinguish their 1981 claim from *Olson v. United States*, 172 F.3d 1311 (Fed.Cir. 1999). However, on further consideration and after review of the current treatment of this issue subsequent to *Olson* the *Dhillon* plaintiffs concede this issue without prejudice to their ability to appeal the issues in their case that are subject to the appellate outcomes of both *Prati* and *Keener v. United States*, 76 Fed.Cl. 455 (2007).

In *Johnson* (04-908) the plaintiffs raised an additional issue not clearly present in *Prati*: whether the IRS was assessed the 1986 liability – based on a carryover from 1985 – after the §§6611(a)/6229(a) assessment period expired. The effect of the carryover nature of the assessment was not at issue in *Prati*. However, the threshold determination of whether this Court has jurisdiction over a refund claim attributable to an assessment made after the §§6611(a)/6229(a) assessment period was at issue and addressed in *Prati*. Therefore, the *Johnson* plaintiffs concede that this jurisdictional issue was before the Court in *Prati*. This concession is made without prejudice to their ability to appeal that issue and the other issues in their case that are subject to the appellate outcomes of both *Prati* and *Keener*.

In conclusion, no disputed issues remain before the Court in *Dhillon* (02-1477) and *Johnson* (04-908) that will not be resolved by the ultimate appellate outcomes of *Prati* and *Keener.*

Respectfully submitted,

/s/ Thomas E. Redding

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Sallie W. Gladney
Texas State Bar No. 00787546
Teresa J. Womack
Texas State Bar No. 00788707
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)